HACKLEY v STATE FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY

Docket No. 80298. Submitted May 7, 1985, at Detroit.—Decided
August 7, 1985. Leave to appeal denied, 424 Mich 906.

Plaintiff Michael F. Hackley was driving an automobile belonging
to his wife, Tammy Hackley, when the engine stalled. He
steered to the shoulder of the road, but the vehicle, a rear-
engine Volkswagen, came to a halt with the left rear portion of
the vehicle extending into the roadway. Plaintiff exited from
the vehicle and, while bent over inspecting the engine, was
struck by a truck. The Hackley vehicle was not insured nor
were Hackley or his wife insured under any no-fault policy at
the time. The owner of the truck was insured by State Farm
Mutual Automobile Insurance Company. State Farm began
paying personal protection benefits to the plaintiff but discon-
tinued payments when it concluded that Hackley was an occu-
pant of the Volkswagen and that he should therefore look to
the insurer of the vehicle for benefits. Because there was no
applicable insurance, the claim was assigned to Auto-Owners
Insurance Company by the Assigned Claims Facility. The Hack-
leys brought an action against the two insurers, who then
brought claims against one another. The Macomb Circuit
Court, George R. Deneweth, J., concluded that under *Nickerson
v Citizens Mutual Ins Co*, 393 Mich 324 (1975), plaintiff was an
occupant and that pursuant to MCL 500.3114(4) and 500.3172
liability should fall upon Auto-Owners. Auto-Owners was or-
dered to reimburse State Farm and to continue paying no-fault
benefits to Hackely. Auto-Owners appealed. *Held:*

  1. *Nickerson,* a pre-no-fault case, has no application to cases
arising under the no-fault act.

  2. The word "occupant" should be given a literal construction

REFERENCES

Am Jur 2d, Automobile Insurance §§ 340 *et seq.*

Am Jur 2d, Statutes §§ 204 *et seq.*

What constitutes occupancy of motor vehicle for purpose of no-fault
automobile insurance coverage. 35 ALR4th 364.

See also the annotations in the ALR3d/4th Quick Index under No-
Fault Insurance.

and assigned its primary and generally understood meaning. Under such a construction, Hackley was not an occupant of the Volkswagen when he was struck by the truck. He was neither inside the vehicle nor in the process of entering or exiting from it.

3. Because Hackley was not an occupant of a vehicle, MCL 500.3115(1) applies and requires that State Farm, as insurer of a vehicle involved in the accident, is responsible for payment of benefits.

Reversed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The construction of a statute requires that words be assigned their generally understood meanings consistent with the intent of the Legislature.

2. INSURANCE — NO-FAULT INSURANCE — OCCUPANT.

A person is not an "occupant" of a motor vehicle for purposes of the no-fault automobile insurance statute while standing by the vehicle inspecting the engine; he is neither inside the vehicle nor in the process of entering or exiting from the vehicle (MCL 500.3114[4], 500.3115[1]; MSA 24.13114[4], 24.13115[1]).

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Simeon R. Orlowski*), for Auto-Owners Insurance Company.

*Eggenberger, Eggenberger, McKinney & Weber* (by *Robert E. Eggenberger*), for State Farm Mutual Automobile Insurance Company.

Before: WAHLS, P.J., and J. H. GILLIS and S. EVERETT,* JJ.

PER CURIAM. This appeal involves a cross-claim brought by State Farm Mutual Automobile Insurance Company against Auto-Owners Insurance Company and Auto-Owners' cross-claim against State Farm for the payment of no-fault insurance benefits to Michael Hackley (plaintiff) for injuries sustained in an automobile accident. The circuit

---

* Circuit judge, sitting on the Court of Appeals by assignment.

court entered an order August 24, 1984, granting summary judgment to State Farm and requiring Auto-Owners to reimburse State Farm for benefits already paid to plaintiff and ordering Auto-Owners to continue the payment of benefits to plaintiff. Auto-Owners appeals as of right.

The facts underlying the present appeal are as follows. On November 13, 1982, plaintiff was driving a 1968 Volkswagen which was registered and titled in his wife's name. Neither plaintiff nor his wife were insured under any no-fault policy at the time. While traveling down Metropolitan Parkway, the vehicle's engine stalled, and plaintiff attempted to use momentum to steer the vehicle onto the right-hand shoulder of the road. Unfortunately, the momentum was insufficient and thus the left rear portion of the vehicle intruded onto the right lane, partially blocking the road.

After several unsuccessful attempts to restart the engine, plaintiff exited from the vehicle from the driver's door and proceeded to the rear where the engine was located. Plaintiff testified that his memory failed at this point and that he could not remember whether he reached the rear of the vehicle. However, an eyewitness testified that plaintiff was bent over inspecting the engine when he was struck by a Datsun mini-truck. Plaintiff sustained serious injuries as a result of the accident.

Before considering the dispute between the parties to this appeal, we begin by confirming plaintiff's entitlement to first-party benefits under the no-fault act. Such benefits are available where the claimant proves "accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle". MCL 500.3105; MSA 24.13105. Since the evidence established that plaintiff was in the process of inspect-

ing the vehicle's engine to determine the cause of the stalling, the injury clearly arose out of the maintenance of the vehicle. See *Wagner v Michigan Mutual Liability Ins Co,* 135 Mich App 767; 356 NW2d 262 (1984). Further, the Volkswagen's status as a parked vehicle does not stand as a bar to the recovery of benefits under the parked vehicle exclusion of section 3106(1) since an exception was provided where "[t]he vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred". MCL 500.3106(1)(a); MSA 24.13106(1)(a). Plaintiff's Volkswagen was clearly parked in such a manner since the rear portion of the vehicle partially blocked the right-hand lane of the road.

The real issue presented in this appeal is which of the two insurance companies before us is responsible for the payment of no-fault benefits. As will be seen, this question turns on the interpretation to be given to the term "occupant" as contained in sections 3114 and 3115 of the act, which sections govern the priority of claims against insurers. Section 3114 provides, in pertinent part, as follows:

"Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor. vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

"(a) The insurer of the owner or registrant of the vehicle occupied.

"(b) The insurer of the operator of the vehicle occupied." MCL 500.3114(4); MSA 24.13114(4).

Section 3115 provides, *inter alia,* as follows:

"(1) Except as provided in subsection (1) of section 3114, a person suffering accidental bodily injury while

not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority;

"(a) Insurers of owners or registrants of motor vehicles involved in the accident.

"(b) Insurers of operators of motor vehicles involved in the accident." MCL 500.3115(1); MSA 24.13115(1).

Plaintiff's status regarding occupancy is important for the following reasons. If we were to conclude that plaintiff was not an occupant of the vehicle at the time of the accident, responsibility for the payment of PIP benefits would fall on State Farm pursuant to section 3115(1)(a), since that company insured the owner of the Datsun mini-truck which struck plaintiff. However, should we conclude that plaintiff was an occupant of the Volkswagen at the time of the accident, we find no identifiable insurer under section 3114(4) since neither the owner or registrant (plaintiff's wife) nor operator (plaintiff) of the Volkswagen had contracted for personal protection insurance coverage under the no-fault act. This being the case, section 3172 of the act becomes relevant. Under section 3172, where no insurance is found to be applicable to an injury, an insurer is assigned by the Assigned Claims Facility to provide the claimant with benefits. Section 3172 provides:

"A person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle in this state may obtain personal protection insurance benefits through an assigned claims plan if no personal protection insurance is applicable to the injury, no personal protection insurance applicable to the injury can be indentified, or the only identifiable personal protection insurance applicable to the injury is, because of finanacial inability of 1 or more insurers to fulfill their obligations, inadequate to provide bene-

fits up to the maximum prescribed. In such case unpaid benefits due or coming due are subject to being collected under the assigned claims plan, and the insurer to which the claim is assigned, or the assigned claims facility if the claim is assigned to it, is entitled to reimbursement from the defaulting insurers to the extent of their financial responsibility." MCL 500.3172; MSA 24.13172.

Auto-Owners became involved in this action when it was assigned plaintiff's claim after an application was submitted with the Assigned Claims Facility. This action was necessitated when State Farm, after paying more than $2,000 in PIP benefits, informed plaintiff that payments were being discontinued due to its belief that plaintiff was an occupant of the vehicle.

In an opinion dated June 26, 1984, the trial court resolved the dispute between the parties by concluding that plaintiff was in fact an occupant of the Volkswagen, relying upon the Michigan Supreme Court's decision in *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975), for a definition of the term "occupant". Pursuant to sections 3114(4) and 3172, the lower court concluded that liability should fall upon Auto-Owners, and thus summary judgment under GCR 1963, 117.2(3) was granted in favor of State Farm.

As recognized by the trial court, the word "occupant" was defined very broadly in *Nickerson,* a pre-no-fault case, to include persons not actually inside nor in contact with the vehicle at the time of the accident. Rather, "immediate prior 'occupying' of the insured vehicle" was sufficient to bring the claimant within the contemplation of the term. 393 Mich 331. *Nickerson's* broad concept of occupancy has been cited approvingly and followed in a number of cases brought under the no-fault

act. See *Hawkins v Allstate Ins Co,* 132 Mich App 603, 607; 347 NW2d 760 (1984); *Ottenwess v Hawkeye Security Ins Co,* 84 Mich App 292, 301-302; 269 NW2d 570 (1978), *rev'd in part* 408 Mich 164; 289 NW2d 708 (1980); *Hathcox v Liberty Mutual Ins Co,* 90 Mich App 511, 515-517; 282 NW2d 374 (1979); *McPherson v Auto-Owners Ins Co,* 90 Mich App 215; 282 NW2d 289 (1979). However, in a greater number of cases, panels of this Court have expressed a reluctance to apply *Nickerson's* broad definition of the term. See *Auto-Owners Ins Co v Turner,* 135 Mich App 522; 354 NW2d 813 (1984); *Royston v State Farm Mutual Automobile Ins Co,* 130 Mich App 602; 344 NW2d 14 (1983); *Griffin v Lumbermens Mutual Casualty Co,* 128 Mich App 624; 341 NW2d 163 (1983); *Winters v National Indemnity Co,* 120 Mich App 156; 327 NW2d 423 (1982); *Davis v Auto-Owners Ins Co,* 116 Mich App 402; 323 NW2d 418 (1982); *Kalin v Detroit Automobile Inter-Ins Exchange,* 112 Mich App 497; 316 NW2d 467 (1982). A recent Michigan Supreme Court case makes clear that this reluctance was well-founded.

In *Royal Globe Ins Cos v Frankenmuth Mutual Ins Co,* 419 Mich 565; 357 NW2d 652 (1984), the Supreme Court was presented with a situation similar to that before us in that the insurance company responsible for the payment of no-fault benefits turned upon whether or not the claimant was an occupant of the vehicle in question. In defining the term "occupant", the Court held that the *Nickerson* decision offered no application to cases arising under the no-fault act because *Nickerson* was a pre-no-fault case in which a private insurance contract, rather than the language of a statute, was construed. This fact was found to be significant since a rule of construction of private insurance policies is to determine the intent of the

contracting parties and, failing that, to construe ambiguous terms favorably to the insured. The construction of a statute, on the other hand, requires that words be assigned their generally understood meanings consistent with the intent of the Legisature. 419 Mich 573. Another significant distinction was that, in *Nickerson,* the vehicle which caused the plaintiff's injuries was uninsured. Thus, if the Court had concluded that Nickerson was a nonoccupant, there would have been no recovery. 419 Mich 574. Under the no-fault act, and under the facts of the case before us, this possibility does not exist. Rather, as in *Royal Globe,* the only question is which of two insurance companies should be held responsible for coverage.

After giving recognition to the purpose of the no-fault act, *i.e.,* to provide accident victims with assured, adequante and prompt reparation for their losses, the *Royal Globe* Court made the following statement, which we find highly significant to the resolution of the case before us:

"Although it was not so in *Nickerson,* under the no-fault act and the facts of this case, there is no question but that 'assured' and 'adequate' compensation will be forthcoming. The only question is, from whom? And, unlike the concern in *Nickerson,* what is more directly implicated here is the need to further the goal of the no-fault act which seeks to provide victims of motor vehicle accidents with *prompt* reparation for their losses. *That purpose is better served in cases such as the one before us by the certainty and predictability that a literal construction of the word 'occupant' will yield, when it is assigned its primary and generally understood meaning."* 419 Mich 575. (Emphasis supplied.)

Construing the term in a manner commanded by the *Royal Globe* Court, we find that plaintiff was not an occupant of his vehicle when he was

struck by the oncoming truck. Plaintiff was standing behind the Volkswagen inspecting the engine when the accident occurred. Thus, he was not inside the vehicle nor was he in the process of entering or exiting from the same.[1] Under these facts, only by utilizing the "immediate prior occupancy" test derived from *Nickerson* could we conclude that plaintiff was an occupant. However, since the validity of this test for use in construing the provisions of the no-fault act was rejected in *Royal Globe,* we conclude that plaintiff was not an occupant of the Volkswagen as that term is used in section 3114(4). Therefore, looking to the priority provisions of section 3115(1), we find State Farm, as insurer of the owner of the motor vehicle involved in the accident, responsible for the payment of no-fault benefits to plaintiff. The trial court's order granting State Farm's motion for summary judgment and denying Auto-Owners' motion for same is reversed.

Reversed.

---

[1] As in *Royal Globe Ins Cos v Frankenmuth Mutual Ins Co,* 419 Mich 565; 357 NW2d 652 (1984), the facts of the case before us make it unnecessary to decide whether a literal construction of the term "occupant" should include persons entering into or alighting from a vehicle. We mention the fact that plaintiff here was doing neither only to demonstrate our belief that plaintiff's literal status was unquestionably that of a nonoccupant.