AUTO CLUB INSURANCE ASSOCIATION v MICHIGAN MUTUAL
INSURANCE COMPANY

Docket No. 121734. Submitted May 20, 1992, at Detroit. Decided
    December 7, 1992, at 10:00 A.M.

Auto Club Insurance Association brought an action in the Wayne
    Circuit Court against Michigan Mutual Insurance Company,
    seeking reimbursement of no-fault personal protection benefits
    paid to Luis Boutilier after he was burned while refueling
    during the course of work-related travel a vehicle owned by his
    employer and insured by the defendant. The court, John H.
    Gillis, Jr., J., granted summary disposition for the defendant,
    finding that Boutilier was not an occupant of the vehicle at the
    time of the fire and holding that the defendant was not respon-
    sible for no-fault payments to Boutilier. The plaintiff appealed.

    The Court of Appeals held:

    1. An employee who is injured while an occupant of an
    employer-owned motor vehicle is entitled to receive no-fault
    personal protection benefits from the insurer of the vehicle.
    Because Boutilier was injured while standing beside the em-
    ployer-owned vehicle, he was not an occupant of the vehicle
    within the meaning of the no-fault statute. Accordingly, the
    defendant was not liable to Boutilier for no-fault personal
    protection benefits.

    2. The plaintiff has failed to allege a basis upon which a
    court should pierce the corporate veil and find that Boutilier is
    a named insured of the policy issued by the defendant.

    Affirmed.

    MACKENZIE, J., dissenting, stated that a person standing
    beside and refueling an employer-owned vehicle during the
    course of work-related travel is an occupant of the vehicle
    within the meaning of the provision of the no-fault insurance
    act relating to employer-owned vehicles.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 354, 355.
Automobile liability insurance: what are accidents or injuries "aris-
    ing out of ownership, maintenance, or use" of insured vehicle. 15
    ALR4th 10.

Automobiles — Insurance — Corporate Vehicles — Occupants.

A person standing beside and refueling an employer-owned motor vehicle is not an occupant of the vehicle within the meaning of the provision of the no-fault insurance act relating to employer-owned vehicles (MCL 500.3114[3]; MSA 24.13114[3]).

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *Karen Kulik*), and *Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *James G. Gross* and *Mary T. Nemeth*), for the plaintiff.

*Law Offices of Pentis, Smith & Brakora* (by *Patricia S. Johnson*), for the defendant.

Before: Michael J. Kelly, P.J., and MacKenzie and Brennan, JJ.

Michael J. Kelly, P.J. Plaintiff, Auto Club Insurance Association, appeals as of right a Wayne Circuit Court order granting defendant's motion for summary disposition pursuant to MCR 2.116(C) (8).

This is a priority dispute among insurers arising out of an accident that occurred on February 24, 1988. On that date, Luis Boutilier, during the course of his employment, was driving a Ford Bronco owned by his employer, SJS Express, Inc. The Bronco was insured by defendant, Michigan Mutual Insurance Company. Boutilier stopped at a service station, got out of the vehicle, and was pumping gas into the Bronco when the fumes ignited, causing burns to his face, neck, chest, and hands.

Subsequently, Boutilier requested no-fault benefits from defendant. Defendant denied Boutilier's request on the ground that he was not an occupant of the Bronco at the time of the accident.

Thereafter, Boutilier filed an application for

benefits with plaintiff, insurer of a Ford Escort owned by his wife and insured under a policy issued to his mother-in-law, with whom he and his wife resided. Plaintiff agreed to pay Boutilier no-fault benefits, but subsequently filed suit against defendant, alleging that defendant was liable for those benefits because Boutilier's injuries occurred while he was an occupant of the Bronco within the meaning of that term as used in MCL 500.3114(3); MSA 24.13114(3).

Defendant's subsequent motion for summary disposition pursuant to MCR 2.116(C)(8) was granted by the trial court. The court found that Boutilier was not an occupant of the Bronco at the time of the accident, and, therefore, defendant was not responsible to pay Boutilier's no-fault benefits. Plaintiff appealed as of right.

Plaintiff first argues that under MCL 500.3114(3); MSA 24.13114(3), Boutilier was an "occupant" of his employer's motor vehicle at the time he sustained his injuries, thus rendering defendant responsible to pay his no-fault insurance benefits. Resolution of this issue involves interpretation of § 3114(3) of the no-fault act. Section 3114(3) provides:

> An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

The no-fault act does not define the term occupant as used in § 3114(3). However, in *Royal Globe Ins Cos v Frankenmuth Mutual Ins Co,* 419 Mich 565; 357 NW2d 652 (1984), our Supreme Court con-

cluded that the word occupant should be given its generally understood meaning.

Construing the word occupant in accordance with its generally understood meaning, we conclude that when the accident occurred Boutilier, who was standing outside the Bronco pumping gas into it, was not an occupant of the Bronco as that term is used in § 3114(3). We find support for our conclusion in *Hackley v State Farm Mutual Automobile Ins Co,* 147 Mich App 115; 383 NW2d 108 (1985). In *Hackley,* the plaintiff was traveling on the Metropolitan Parkway when his vehicle engine stalled. The plaintiff attempted, unsuccessfully, to steer his vehicle completely onto the shoulder of the road. After several attempts to restart the engine, the plaintiff got out of the vehicle and walked to the rear, where the engine was located. The plaintiff was bent over inspecting the engine when he was struck by another vehicle. This Court concluded that the plaintiff was not an occupant of his vehicle when the accident occurred.

> [W]e find that plaintiff was not an occupant of his vehicle when he was struck by the oncoming truck. Plaintiff was standing behind the Volkswagen inspecting the engine when the accident occurred. Thus, he was not inside the vehicle nor was he in the process of entering or exiting from the same. [*Id.* at 122-123.]

Under the analysis employed in *Hackley,* Boutilier was not an occupant of the Bronco when the accident occurred. Boutilier was standing outside the vehicle pumping gas when the fumes ignited and resulted in serious personal injuries. He was not in the process of entering or leaving the vehicle when the accident occurred. A person is not an occupant of a vehicle under § 3114(3) of the nofault act when he is standing outside it. *Rosner v*

*Michigan Mutual Ins Co,* 189 Mich App 229, 233; 471 NW2d 923 (1991); *Hackley, supra* at 122-123.

Because Boutilier's injuries did not occur while he was an occupant of the Bronco insured by defendant, the trial court correctly granted defendant's motion for summary disposition pursuant to MCR 2.116(C)(8).

Plaintiff next argues that this Court should pierce the corporate veil and find Boutilier a "named person" in defendant's insurance policy, thus rendering defendant liable for Boutilier's no-fault benefits under MCL 500.3114(1); MSA 24.13114(1). This issue has been addressed by this Court once before under similar circumstances in *Allstate Ins Co v Citizens Ins Co of America,* 118 Mich App 594; 325 NW2d 505 (1982). In *Allstate,* the named insured in the policy at issue was B. C. Lynn Construction, Inc. Bernard Lynn was the sole stockholder. This Court refused to pierce the corporate veil in order to find that the sole stockholder of the corporation was really a named insured under the insurance policy where there had been no allegation of any fraud, illegality, or injustice by any member of the corporation. *Id.* at 601. Additionally, the *Allstate* Court indicated that where the corporation and its shareholders were not parties to the action, equity would not be served even if they had been involved in some wrongdoing. *Id.*

As in *Allstate,* in this case there has been no allegation of any fraud, illegality, or injustice by any member of the corporation, nor is the corporation a party to this action. Therefore, pursuant to *Allstate,* we decline plaintiff's invitation to pierce the corporate veil in this matter.

Affirmed.

BRENNAN, J., concurred.

MacKenzie, J. *(dissenting).* I respectfully dissent. In my view, defendant was liable for payment of Luis Boutilier's no-fault personal protection benefits.

Boutilier, an employee of SJS Express, Inc., was injured on the job as he was refueling a vehicle owned by his employer and insured by defendant. It is undisputed that because Boutilier's injuries arose out of the use or maintenance of the motor vehicle as a motor vehicle, MCL 500.3105(1); MSA 24.13105(1), he was entitled to no-fault personal protection benefits. See *Heard v State Farm Mutual Automobile Ins Co,* 414 Mich 139; 324 NW2d 1 (1982). Compare *Daubenspeck v Auto Club of Michigan,* 179 Mich App 453; 446 NW2d 292 (1989). The question here is whether defendant, as the no-fault insurer of the automobile involved, is liable for those benefits. The majority concludes that defendant is not liable. According to the majority, plaintiff, who had issued a no-fault policy to Boutilier's mother-in-law (with whom he resided) was responsible for providing coverage. Under the circumstances of this case, I cannot agree with that conclusion.

To determine the priority of insurers liable for no-fault benefits, the claimant must look to § 3114 of the no-fault act, MCL 500.3114; MSA 24.13114. *Auto-Owners Ins Co v State Farm Mutual Automobile Ins Co,* 187 Mich App 617, 619; 468 NW2d 317 (1991). MCL 500.3114(3); MSA 24.13114(3) provides that an employee or employee's spouse who is injured "while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits . . . from the insurer of the furnished vehicle."

The leading case discussing the meaning of the statutory term "occupant" is *Royal Globe Ins Cos*

v Frankenmuth Mutual Ins Co, 419 Mich 565; 357 NW2d 652 (1984). In Royal Globe, an employee and his wife returned to their home in a car owned by his employer. The wife got out of the car and entered the couple's garage. As she was looking for her house key, the employee-husband inadvertently pushed the car's accelerator and struck his wife. The Supreme Court held that the statutory term occupant should be assigned its primary and generally understood meaning and concluded that on those facts the employee's wife was not an occupant of the car when she was injured. Notably, however, the Royal Globe Court expressly refused to decide whether on other facts "persons within and upon a motor vehicle as well as those entering into and alighting from it" would be deemed to be occupants for the purpose of § 3114. 419 Mich 576.

I would hold that an employee refueling an employer's automobile during the course of employment, as in this case, is an occupant of that vehicle for purposes of § 3114. Unlike the situation in Royal Globe, Boutilier had not reached his final destination at the time he was injured, and he intended to return to the interior of the vehicle once he finished refueling it. See Rohlman v Hawkeye Security Ins Co, 190 Mich App 540, 547; 476 NW2d 461 (1991). He had not gone from the status of a passenger to that of a pedestrian, as was the case in Royal Globe, but instead at all times retained the status of operator who was performing a task necessary for vehicular travel. Merely because this task required his presence beside an exterior wall of his vehicle rather than beside an interior wall is not enough, in my opinion, to take Boutilier outside the scope of the term occupant as used in § 3114.

Accordingly, I would reverse.