GENTRY v ALLSTATE INSURANCE COMPANY

Docket No. 162917. Submitted October 18, 1994, at Grand Rapids. Decided December 19, 1994, at 9:30 A.M.

Ernest J. Gentry and Esther B. Watkins brought an action in the Berrien Circuit Court against Allstate Insurance Company, seeking uninsured motorist benefits and no-fault personal injury protection benefits under a policy issued by the defendant. The plaintiffs, neither of whom were insured, were using with permission of the owner a vehicle insured by defendant when the vehicle slid off the road and into a ditch. The plaintiffs arranged to have the vehicle towed out of the ditch and were still waiting near the vehicle some ten to fifteen minutes later when an uninsured vehicle driven by an uninsured driver slid off the road and struck the insured vehicle, pushing it on top of the plaintiffs and causing them serious injury. The defendant denied coverage on the basis that the plaintiffs were not occupying the vehicle at the time of the accident causing their injuries. The court, Ronald J. Taylor, J., granted summary disposition for the plaintiffs, holding that they were entitled both to benefits under the uninsured motorist coverage of the policy issued by the defendant and to no-fault personal injury protection benefits. The defendant appealed.

The Court of Appeals *held:*

1. Because uninsured motorist benefits are not required by statute, the availability of uninsured motorist coverage is dictated by the language of the insurance policy. It is undisputed that the plaintiffs are entitled to uninsured motorist coverage if they were occupying the insured vehicle at the time of the accident. The policy defines "occupying" as "in or upon entering into or alighting from." In a case involving a policy that used nearly identical language, the Supreme Court held that a person is occupying a vehicle if the person had been occupying the insured vehicle immediately before the accident and the subsequent injury arose out of the use or repair of that vehicle.

REFERENCES

Am Jur 2d, Automobile Insurance §§ 314, 354.

What constitutes occupancy of motor vehicle for purposes of no-fault automobile insurance coverage. 35 ALR4th 364.

Because the language of an insurance policy is to be strictly construed against the insurer, the plaintiffs must be deemed under the circumstances of this case to have been occupying the insured vehicle within the meaning of the uninsured motorist coverage of the policy.

2. Under the facts of this case, whether plaintiffs were "occupants" of the vehicle is irrelevant to the plaintiffs' recovery of no-fault benefits. Accordingly, it was error for the trial court to hold that the plaintiffs were entitled to those benefits because they were occupants of the insured vehicle at the time of the accident causing their injuries. However, the trial court did reach the right result. The plaintiffs are entitled to no-fault benefits because their injuries clearly arose out of the maintenance of the insured vehicle, the anticipated towing of the insured vehicle out of the ditch into which it had slid.

Affirmed.

1. INSURANCE — AUTOMOBILES — UNINSURED MOTORIST COVERAGE — OCCUPYING A VEHICLE.

   The term "occupying" as used in the uninsured motorist coverage of an automobile insurance policy is to be interpreted broadly so as to include not only those who are actually inside or in contact with the vehicle but also those who had been occupying the insured vehicle immediately before an injury arising out of the use or repair of the same vehicle; a person standing near a disabled vehicle parked off the roadway and who had been within the vehicle ten or fifteen minutes earlier may be occupying the vehicle for the purpose of the uninsured motorist coverage of an insurance policy that limits such coverage to those who are occupying the insured vehicle and that defines "occupying" as meaning "in or upon or entering into or alighting from."

2. INSURANCE — AUTOMOBILES — NO-FAULT — PERSONAL INJURY PROTECTION BENEFITS — OCCUPANTS.

   It is irrelevant for the purpose of recovery of no-fault personal injury protection benefits whether an injured person was an occupant of a motor vehicle where the injury occurred when, while stuck off the roadway, the vehicle in which the person previously had been a passenger is struck by another vehicle, causing the stuck vehicle to slide into the injured person while that person was standing near the stuck vehicle awaiting the arrival of a tow vehicle.

*Kosick & Rochau* (by *Peter H. Kosick*), for the plaintiffs.

*Straub, Seaman & Allen, P.C.* (by *Drew F. Seaman* and *William B. Flory*), for the defendant.

Before: MURPHY, P.J., and G.S. ALLEN* and H. A. BEACH,** JJ.

MURPHY, P.J. Defendant appeals as of right from a circuit court order granting summary disposition for plaintiffs pursuant to MCR 2.116(C)(10). By granting plaintiffs' motion, the court, in effect, held that plaintiffs were entitled to recover no-fault personal injury protection (PIP) benefits because they were "occupants" of the vehicle under the no-fault act and that they were entitled to recover uninsured motorist benefits under the insurance policy issued by defendant because they were "occupying" the vehicle within the meaning of the policy. We affirm.

On December 20, 1991, plaintiffs were riding in a borrowed automobile on Pipestone Road in Berrien County when plaintiff Ernest Gentry lost control of the car. The car slid off the road and went into a ditch. Plaintiffs got out of the vehicle and went across the street to seek help in removing the car from the ditch. Plaintiffs spoke to a farmer, who evidently indicated that he had towing equipment and would be willing to tow the vehicle out of the ditch. After speaking to the farmer, plaintiffs went back to the automobile and waited for the farmer to tow the vehicle. Plaintiffs had been standing and waiting by the right passenger side of the vehicle for ten to fifteen minutes when a second vehicle slid out of control, went off the road, and struck the driver's side of plaintiffs' vehicle. The impact of the accident pushed plain-

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment pursuant to Administrative Order No. 1994-7.

** Circuit judge, sitting on the Court of Appeals by assignment.

tiffs' vehicle on top of plaintiffs, and plaintiffs were seriously injured.

The car that plaintiffs were driving was owned by Eddie Norwood and was insured by defendant. Plaintiffs were using the car with Norwood's permission. Plaintiffs and the driver of the second vehicle were all uninsured.

Plaintiffs filed suit to recover uninsured motorist benefits and no-fault PIP benefits from defendant. Both parties moved for summary disposition. Relying on our Supreme Court's holding in *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975), and this Court's holding in *Rohlman v Hawkeye Security Ins Co,* 190 Mich App 540; 476 NW2d 461 (1991), rev'd 442 Mich 520; 502 NW2d 310 (1993), the trial court granted plaintiffs' motion for summary disposition. The trial court did not make explicit rulings regarding whether plaintiffs were "occupying" the vehicle or were "occupants" of the vehicle, but those conclusions were implicit in the court's order and opinion granting plaintiffs' motion for summary disposition.

This Court reviews de novo a trial court's grant of summary disposition. *Michigan Mutual Ins Co v Dowell,* 204 Mich App 81, 86; 514 NW2d 185 (1994). The record must be reviewed to determine whether the successful party was entitled to judgment as a matter of law. *Id.*

Defendant raises two arguments on appeal. First, defendant contends that plaintiffs are not entitled to recover uninsured motorist benefits under the insurance policy issued to Eddie Norwood, because plaintiffs were not "occupying" the automobile as defined by the policy. We disagree.

Uninsured motorist benefits are not required by statute; therefore, the policy language dictates when uninsured motorist benefits will be awarded. *Rohlman v Hawkeye-Security Ins Co,* 442 Mich

520, 525; 502 NW2d 310 (1993). Here, the policy provides as follows:

> Allstate will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured automobile because of bodily injury, sickness or disease, including death resulting therefrom, hereinafter called "bodily injury", sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured automobile . . . .

The policy definition of "insured" includes any person who was "occupying an insured automobile." The policy defines the term "occupying" as "in or upon entering into or alighting from."

Here, it is undisputed that there was an accident, that the accident arose out of the ownership, maintenance, or use of an uninsured automobile, and that plaintiffs suffered bodily injury as a result of the accident. The issue is whether plaintiffs were "occupying" the vehicle and therefore were "insureds" under the insurance policy.

In *Nickerson, supra,* our Supreme Court interpreted the term "occupying" in a private insurance contract. The term "occupying" was defined nearly identically to the definition in the instant case. The plaintiff was a passenger in an insured automobile that stalled. He assisted in pushing the car to the side of the road. As a passing motorist turned around to help, the plaintiff got out of the car on the driver's side and walked around to the front of the car. At this point, a third automobile, driven by an uninsured motorist, struck the vehicle from the rear. The vehicle was pushed into the plaintiff, and the plaintiff suffered serious injury.

The plaintiff sought compensation from the insurer of the automobile. The policy provided unin-

sured motorist coverage to the plaintiff only if he was "occupying" the insured vehicle. The policy defined "occupying" as "in or upon or entering into or alighting from." *Id.,* 328. The Supreme Court held that the plaintiff was "occupying" the vehicle "due to his immediate prior 'occupying' of the insured vehicle and his subsequent injury arising out of the use or repair of the same vehicle." *Id.,* 331.

In *Nickerson,* our Supreme Court interpreted "occupying" broadly to include persons not actually inside or in contact with the vehicle. *Nickerson* did not define the term "immediate," but in light of *Nickerson's* expansive interpretation of the term "occupying" and the fact that language in an insurance policy is to be strictly construed against the insurer, we find that plaintiffs' occupation of the vehicle was immediately prior as required by *Nickerson.* Therefore, we follow *Nickerson's* expansive interpretation of the term "occupying" and find that plaintiffs were "occupying" the car within the policy definition of that term. Because plaintiffs were "occupying" the car, they were "insureds" under the policy and are entitled to uninsured motorist benefits.

Defendant next argues that plaintiffs are not entitled to recover no-fault PIP benefits under the policy because plaintiffs were not "occupants" of the automobile and that this status is required by the no-fault act. The trial court did not cite under which specific section of the no-fault statute plaintiffs were entitled to recover PIP benefits. Furthermore, it is unclear from the record why plaintiffs and defendant are arguing over plaintiffs' status as "occupants," and neither party's brief suggests why plaintiffs' status as "occupants" governs whether plaintiffs are entitled to PIP benefits. The cases that the parties rely on in support of their

respective arguments regarding plaintiffs' status as "occupants" interpret the term "occupant" as used in the sections of the no-fault act dealing with priority disputes, MCL 500.3114, 500.3115; MSA 24.13114, 24.13115, and out-of-state accidents, MCL 500.3111; MSA 24.13111. See *Rohlman, supra,* 442 Mich 520; *Royal Globe Ins Cos v Frankenmuth Mutual Ins Co,* 419 Mich 565; 357 NW2d 652 (1984); *Auto Club Ins Ass'n v Michigan Mutual Ins Co,* 197 Mich App 275; 494 NW2d 822 (1992); *Rosner v Michigan Mutual Ins Co,* 189 Mich App 229; 471 NW2d 923 (1991); *Lankford v Citizens Ins Co of America,* 171 Mich App 413; 431 NW2d 59 (1988); *Hackley v State Farm Mutual Automobile Ins Co,* 147 Mich App 115; 383 NW2d 108 (1985). However, this is not a priority dispute, and the accident did not occur out of state. Whether plaintiffs were "occupants" is irrelevant to plaintiffs' recovery of no-fault PIP benefits under the facts in this case.[1]

Although plaintiffs' status as "occupants" does not govern their recovery of PIP benefits in this case, we believe that the trial court reached the correct result for the wrong reason. The trial court properly allowed plaintiffs to recover PIP benefits not because plaintiffs were "occupants" of the vehicle, but because plaintiffs suffered "accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." MCL 500.3105(1); MSA 24.13105(1).

---

[1] Whether plaintiffs were "occupying" the vehicle would be relevant to their recovery of PIP benefits under the parked vehicle exception, MCL 500.3106(1)(c); MSA 24.13106(1)(c). However, the parties did not address the applicability of the parked vehicle exception in their briefs, and because plaintiffs' injuries arose out of the maintenance of a motor vehicle as a motor vehicle, MCL 500.3105(1); MSA 24.13105(1), they are entitled to recover PIP benefits without regard to whether the vehicle was "parked" at the time they were injured, see *Miller v Auto-Owners Ins Co,* 411 Mich 633; 309 NW2d 544 (1981), or whether they were "occupying" the vehicle within the meaning of MCL 500.3106(1)(c); MSA 24.13106(1)(c).

This Court has adopted a broad definition of the term "maintenance of a motor vehicle." *Wagner v Michigan Mutual Liability Ins Co,* 135 Mich App 767, 773; 356 NW2d 262 (1984). Plaintiffs' injuries were sustained while plaintiffs were waiting to have their vehicle towed. The act of preparing to tow a disabled or stuck vehicle constitutes maintenance of a motor vehicle. *Yates v Hawkeye-Security Ins Co,* 157 Mich App 711, 714; 403 NW2d 208 (1987). Moreover, we believe that the necessary causal connection exists to satisfy the "arising out of" requirement of § 3105(1). *Thornton v Allstate Ins Co,* 425 Mich 643, 659-660; 391 NW2d 320 (1986). Therefore, plaintiffs' injuries came within the provisions of the no-fault act, and plaintiffs are entitled to PIP benefits under MCL 500.3105(1); MSA 24.13105(1). See *Yates, supra.*

In sum, the trial court properly determined that plaintiffs were "occupying" the vehicle as defined by the insurance policy and, therefore, were entitled to uninsured motorist benefits. *Nickerson, supra.* In addition, the trial court properly allowed plaintiffs to recover no-fault PIP benefits from defendant, not because plaintiffs were "occupants" of their disabled vehicle, but because they suffered accidental bodily injury arising out of the maintenance of a motor vehicle. MCL 500.3105(1); MSA 24.13105(1).

Affirmed.