*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIMOTHY MCALLISTER,

Plaintiff-Appellant,

v

MIKE VUICH, III, BPD PAVING SERVICES, INC., LONNIE HAVERCAMP, and VAN HORN BROS, INC.,

Defendants,

and

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

Defendant-Appellee.

UNPUBLISHED
March 21, 2019

No. 339877
Macomb Circuit Court
LC No. 2015-002875-NI

Before: SHAPIRO, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

Plaintiff, Timothy McAllister, appeals as of right the order of the trial court granting summary disposition to defendant, Liberty Mutual Fire Insurance Company (Liberty), pursuant to MCR 2.116(C)(10). We affirm.

## I. FACTS

This is an action for personal protection insurance (PIP) benefits under Michigan's no-fault act, MCL 500.3101 *et seq*. On November 20, 2014, plaintiff was injured when a cement truck, as a result of an accident with another vehicle, slid into the parked pickup truck plaintiff had been driving, which in turn caused the pickup truck to strike him as he stood in front of it.

-1-

The pickup truck was owned by plaintiff's fiancée, Heidi Dover, with whom plaintiff lived. Dover is the named insured on a no-fault insurance policy issued by Liberty. Plaintiff testified that he regularly drove the pickup truck for personal use and also for his lawn care, landscaping, and snowplowing business.

Plaintiff testified that on that day he had driven the pickup to a business called Total Trailer Parts on East Auburn Road in Rochester Hills, Michigan, for maintenance to the truck's snowplow. He parked the pickup in a parking spot in the parking lot of that business, turned off the ignition, popped open the hood but did not open it fully, then got out of the pickup and shut the truck's door. Plaintiff testified that he walked around to the front of the truck and stood centered in front of the truck and was "[s]tanding, maybe bent over a little bit" working on the wires that protruded from the grill of the truck and attached to the snowplow. He heard a crash, looked up, and saw a truck coming toward him. Plaintiff testified that the truck hit the passenger rear side of the bed of the pickup truck, causing the pickup to spin around. He testified that he tried to move out of the way, but the next thing he knew he was on the ground.

The oncoming truck was driven by defendant Mike Vuich III and was owned by Vuich's employer, defendant BPD Paving Services (BPD). Defendant Lonnie Havercamp was driving a vehicle owned by his employer, defendant Van Horn Bros, Inc. (Van Horn). The two vehicles collided in the intersection of East Auburn Road and Harrison Avenue, causing the truck driven by Vuich to veer into the parking lot where plaintiff was standing in front of Dover's parked pickup truck. The truck driven by Vuich struck the parked pickup truck, which in turn struck plaintiff. Plaintiff's alleged injuries included "multiple fractures to his right leg requiring surgical repair with hardware placement," as well as injuries to his head, neck, back, right hip, and right ankle.

Plaintiff initiated this lawsuit against Liberty, Vuich, BPD, Havercamp, and Van Horn, seeking damages for his injuries. With regard to Liberty, plaintiff's complaint sought first-party PIP benefits under the no-fault act, alleging that Liberty had wrongfully withheld payment. Liberty moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), which the trial court granted pursuant to MCR 2.116(C)(10), dismissing Liberty from the case. Plaintiff now appeals, challenging the trial court's order dismissing Liberty.

## II. ANALYSIS

### A. PRIORITY AS AN AFFIRMATIVE DEFENSE

Plaintiff first contends that the trial court erred in granting Liberty summary disposition pursuant to MCR 2.116(C)(10) on the grounds of priority under the no-fault act. Plaintiff argues that priority under the no-fault act is an affirmative defense that Liberty now is precluded from asserting because Liberty did not raise it in its first responsive pleading. We disagree.

This Court reviews de novo a trial court's decision to grant or deny summary disposition. *Dawoud v State Farm Mut Auto Ins Co*, 317 Mich App 517, 520; 895 NW2d 188 (2016). When reviewing an order issued pursuant to MCR 2.116(C)(10), this Court considers all documentary evidence submitted by the parties in the light most favorable to the nonmoving party. *Id*. Summary disposition pursuant to MCR 2.116(C)(10) is warranted when there is no genuine issue

as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.* In addition, "[w]hether a particular ground for dismissal is an affirmative defense under MCR 2.111(F) is a question of law that is reviewed de novo on appeal." *Citizens Ins Co of America v Juno Lighting, Inc,* 247 Mich App 236, 241; 635 NW2d 379 (2001).

MCR 2.111(F)(2) requires a party to assert its defenses in its first responsive pleading or by motion filed before a responsive pleading,[1] and failure to do so results in waiver of the defense, except for the defenses of failure to state a claim and lack of subject matter jurisdiction. Similarly, MCR 2.111(F)(3) specifies that affirmative defenses must be asserted in the party's first responsive pleading. *Electrolines, Inc v Prudential Assurance Co, Ltd*, 260 Mich App 144, 164; 677 NW2d 874 (2003). MCR 2.111(F) provides, in relevant part:

(2) *Defenses Must Be Pleaded; Exceptions.* A party against whom a cause of action has been asserted by complaint, cross-claim, counterclaim, or third-party claim must assert in a responsive pleading the defenses the party has against the claim. A defense not asserted in the responsive pleading or by motion as provided by these rules is waived, except for the defenses of lack of jurisdiction over the subject matter of the action, and failure to state a claim on which relief can be granted. . . .

\* \* \*

(3) *Affirmative Defenses.* Affirmative defenses must be stated in a party's responsive pleading, either as originally filed or as amended in accordance with MCR 2.118. Under a separate and distinct heading, a party must state the facts constituting

(a) an affirmative defense, such as contributory negligence; the existence of an agreement to arbitrate; assumption of risk; payment; release; satisfaction; discharge; license; fraud; duress; estoppel; statute of frauds; statute of limitations; immunity granted by law; want or failure of consideration; or that an instrument or transaction is void, voidable, or cannot be recovered on by reason of statute or nondelivery;

(b) a defense that by reason of other affirmative matter seeks to avoid the legal effect of or defeat the claim of the opposing party, in whole or in part;

(c) a ground of defense that, if not raised in the pleading would be likely to take the adverse party by surprise.

---

[1] Under MCR 2.116(D), the grounds stated in MCR 2.116(C)(5), (6), and (7) must be raised in a party's first responsive pleading or in a motion for summary disposition filed before the party's first responsive pleading.

The affirmative defenses enumerated in MCR 2.111(F) are not exclusive, *Juno Lighting*, 247 Mich App at 241, and are "included by way of illustration only." *Campbell v St John Hosp*, 434 Mich 608, 615; 455 NW2d 695 (1990). In this case, the parties do not dispute that Liberty did not raise priority under the no-fault act as an affirmative defense in its answer to plaintiff's complaint. The question, then, is whether priority under the no-fault act is an affirmative defense that Liberty was required to raise, if at all, in its responsive pleading.

"An affirmative defense presumes liability by definition." *Rasheed v Chrysler Corp*, 445 Mich 109, 132; 517 NW2d 19 (1994). Any "defenses which go beyond rebutting the plaintiff's prima facie case, other than lack of subject matter jurisdiction and failure to state a claim, should be stated in the responsive pleading, lest they be deemed to have been waived." *Campbell*, 434 Mich at 616. In *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 312; 503 NW2d 758 (1993), this Court explained:

> An affirmative defense is a defense that does not controvert the plaintiff's establishing a prima facie case, but that otherwise denies relief to the plaintiff. . . . In other words, it is a matter that accepts the plaintiff's allegation as true and even admits the establishment of the plaintiff's prima facie case, but that denies that the plaintiff is entitled to recover on the claim for some reason not disclosed in the plaintiff's pleadings.

In *Stanke*, the plaintiff was seeking payment for damages that the plaintiff had been awarded against State Farm's alleged insured arising from an automobile accident. State Farm initially denied liability on the theory that there was no coverage under its policy because the alleged insured did not reside with the insured named in the policy. After 17 months of litigation, State Farm moved for summary disposition and raised a new theory, arguing that there was no coverage under the policy because the vehicle in question constituted an owned vehicle not named in the policy. The trial court denied the motion on the ground that State Farm had waived this argument by not raising it as an affirmative defense in its responsive pleading. On appeal, this Court reversed, reasoning:

> After reviewing the nature of the issue raised by defendant in its motion for summary disposition, we are not convinced that defendant was endeavoring to raise a "defense" or an "affirmative defense," at least not to an extent beyond that which was raised in the pleadings.
>
> * * *
>
> In the case at bar, the issue whether defendant's alleged insured was operating an owned or non-owned vehicle at the time of the accident does not constitute a matter of an affirmative defense. That is, the issue does not allow for plaintiff's establishing his prima facie case, with defendant coming forth with some other reason why plaintiff should not prevail on that claim. Rather, it directly controverts plaintiff's entitlement to prevail. Thus, it directly denies that plaintiff can establish a prima facie case by stating that plaintiff will be unable to prove that there exists a policy of insurance issued by defendant that provides coverage

for the accident, thereby establishing defendant's liability to pay the underlying judgment.

* * *

Because defendant's position denies the existence of a prima facie claim, it is not an affirmative defense. Therefore, it is not subject to the rule that failure to plead affirmative defenses in the first responsive pleading, or prior to the first responsive pleading by way of motion, constitutes a waiver of the affirmative defense. [*Stanke*, 200 Mich App at 311-312, 315.]

In *Stanke*, this Court further concluded that the defendant's assertion of lack of coverage was also not an ordinary or "negative" defense that must be pleaded under MCR 2.111(F)(2). This Court explained:

This interpretation is further supported by a careful reading of MCR 2.111(F)(2) and MCR 2.116(D). Under MCR 2.111(F)(2), as discussed above, a defense is waived if not pleaded or raised by motion. MCR 2.116(D) sets forth the timetable to raise particular issues by motion. Issues related to jurisdiction over persons and property as well as service of process must be raised in a responsive pleading or by motion, whichever comes first. MCR 2.116(D)(1). Issues related to capacity to sue, other action pending, and affirmative defenses must be raised not later than the first responsive pleading. MCR 2.116(D)(2). Finally, issues related to subject matter jurisdiction, failure to state a claim or valid defense, and the existence of a genuine issue of material fact may be raised at any time. MCR 2.116(D)(3). The issue defendant seeks to raise falls into this latter category and, thus, could be raised at any time. [*Stanke,* 200 Mich App at 319.]

In this case, the trial court determined that priority under the no-fault act is not an affirmative defense, and therefore Liberty was not required to assert it in its first responsive pleading. The trial court reasoned:

The issue of whether Liberty Mutual is the insurer of highest priority, however, directly controverts McAllister's entitlement to prevail on his claim, and thus does not constitute an affirmative defense. Accordingly, Liberty Mutual has [not] waived . . . the defense afforded by the no-fault act's priority rules.

We agree. Here, Liberty's argument that plaintiff cannot establish Liberty as the highest priority insurer under the act is not a defense that denies relief despite the establishment of a prima facie case; rather Liberty's priority argument, if successful, identifies that plaintiff failed to establish a prima facie case against Liberty. In addition, the trial court's determination is sound from a prudential standpoint because it would be impractical to require an insurer in a no-fault action to determine, before filing its answer and without the benefit of discovery, whether under facts still unknown some other insurer had higher priority. The trial court therefore correctly concluded that Liberty was not obligated to raise its priority argument as an affirmative defense and did not waive the argument by failing to do so.

Concluding that priority under the no-fault act is not an affirmative defense that must be pleaded under MCR 2.111(F)(3), the question remains whether Liberty's priority argument is an ordinary or "negative" defense that must be raised under MCR 2.111(F)(2). Here, as in *Stanke*, it appears that Liberty was not endeavoring to raise a "defense" when it moved for summary disposition. Rather, Liberty was requesting dismissal because plaintiff had failed to set forth a prima facie case against it. See *Stanke*, 200 Mich App at 311.

Again, MCR 2.111(F)(2) provides that a defense not raised in the first responsive pleading is waived, but excepts from this rule the "defense" of failure to state a claim. Similarly, MCR 2.116(D)(4) provides that the grounds of subject matter jurisdiction, failure to state a claim or valid defense, and the existence of a genuine issue of material fact may be raised at any time. See *Stanke*, 200 Mich App at 319. In this case, Liberty moved for summary disposition under MCR 2.116(C)(8) and (10), on the ground that plaintiff had failed to establish a prima facie case against Liberty as the highest priority insurer under the no-fault act. These arguments were not subject to waiver and could be raised at any time. Thus, even if priority under the no-fault act is characterized as an ordinary or negative defense, MCR 2.116(D) permits those arguments to be raised at any time. *Stanke*, 200 Mich App at 319.

Plaintiff also argues that the trial court erred by permitting Liberty to raise the priority argument late in the litigation of this case, thereby depriving plaintiff of notice of this defense. "The primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposing party to take a responsive position." *Stanke*, 200 Mich App at 317. In this case, from the inception of the lawsuit[2] plaintiff had the burden of proving statutory entitlement to the PIP benefits sought; that is, plaintiff knew that he did not have a policy of insurance with Liberty and that he would be entitled to PIP benefits only if he could prove entitlement under the no-fault act. This burden of proof was unaffected by Liberty's failure to state in its responsive pleading its position that plaintiff could not prove entitlement to benefits under the act. And although Liberty's responsive pleading was essentially a blanket denial of the complaint, plaintiff was at minimum advised by Liberty's answer that Liberty denied liability under the no-fault act. Liberty's motion for summary disposition therefore imposed no greater burden upon plaintiff than what existed from the inception of the lawsuit, which was to establish a prima facie case under the no-fault priority statutes.

## B.  PLAINTIFF WAS NOT AN OCCUPANT OF THE VEHICLE

Plaintiff next contends that the trial court erred in granting Liberty's motion for summary disposition because plaintiff was an occupant of Dover's pickup truck at the time he was injured, and therefore entitled to PIP benefits from Liberty, Dover's insurer, under MCL 500.3114(4). We disagree.

---

[2] Indeed, when there is an accident touching upon three vehicles, each of which, presumably, is insured (as required by law), it is difficult to understand how it could be much of a surprise to anyone that the question which insurer has priority might arise.

The purpose of Michigan's no-fault act, MCL 500.3101 *et seq.*, is "to ensure the compensation of persons injured in automobile accidents." *Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich App 543, 552; 909 NW2d 495 (2017) (citation omitted). "The priority statutes, MCL 500.3114 and MCL 500.3115, define against whom an individual may make a claim for benefits." *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 215; 895 NW2d 490 (2017). Under these priority statutes, a person injured in a motor vehicle accident generally is required to seek compensation from his or her own no-fault insurer, regardless of whether his or her own vehicle was involved in the accident. MCL 500.3114(1); see *Corwin v DaimlerChrysler Ins Co*, 296 Mich App 242, 262; 819 NW2d 68 (2012). The priority of insurers under the no-fault act is a question of statutory interpretation that this Court reviews de novo. See *Titan Ins Co v American Country Ins Co*, 312 Mich App 291, 296; 876 NW2d 853 (2015).

MCL 500.3114 provides, in relevant part:

(1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy described in section 3101(1) [MCL 500.3101] applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident. . . .

* * *

(4) Except as provided in subsections (1) to (3), a person suffering accidental bodily injury arising from a motor vehicle accident while an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) The insurer of the owner or registrant of the vehicle occupied.

(b) The insurer of the operator of the vehicle occupied. [MCL 500.3114(1), (4).]

Thus, PIP benefits under the no-fault act are recoverable under MCL 500.3114(1) by "the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." *Lewis v Farmers Ins Exch*, 315 Mich App 202, 210; 888 NW2d 916 (2016) (citation omitted). In this case, plaintiff is not a person named in the Liberty policy, nor is he a spouse of a person named in the policy (Dover), and although domiciled with Dover, he is not a relative of Dover. Dover's policy with Liberty therefore does not provide coverage to plaintiff. See *Shelton v Auto-Owners Ins Co*, 318 Mich App 648, 654; 899 NW2d 744 (2017).

Although not directly entitled to coverage under Dover's policy with Liberty, plaintiff sought PIP benefits by operation of MCL 500.3114(4), which permits an injured person to claim personal protection insurance benefits from an insurer if the person (1) suffered accidental bodily injury arising from a motor vehicle accident, and (2) the injury occurred while the person was an occupant of a motor vehicle. If plaintiff meets these criteria, he may claim PIP benefits beginning with "the insurer of the owner or registrant of the vehicle occupied." MCL 500.3114(4)(a).

Here, plaintiff alleges that he was an occupant of Dover's pickup truck at the time he was injured. The no-fault act does not define "occupant." *Rednour v Hastings Mut Ins Co*, 468 Mich 241, 244; 661 NW2d 562 (2003). Our Supreme Court, however, has determined that "the ordinary definition of 'occupant' " should be applied in no-fault cases. *Id*. at 255. In *Rednour*, our Supreme Court determined that "[a] person must be physically inside a vehicle to be an 'occupant' of it under the no-fault act."[3] *Rednour*, 468 Mich at 249, citing *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 523; 502 NW2d 310 (1993). In *Rednour*, our Supreme Court held that the plaintiff in that case was not occupying the vehicle in question when he was "outside the vehicle and approximately six inches from it when the other automobile struck him." *Rednour*, 468 Mich at 242 (interpreting the term "occupant" as used in §3111 of the no-fault act).

In addition, this Court has held that a person is not an occupant of a vehicle under MCL 500.3114 when he is standing outside the vehicle, see *Rosner v Michigan Mut Ins Co*, 189 Mich App 229, 233; 471 NW2d 923 (1991), or pumping gas into it. *Auto Club Ins Ass'n v Michigan Mut Ins Co*, 197 Mich App 275, 278; 494 NW2d 822 (1993). This Court has also determined that a person was not an occupant under MCL 500.3114(3) when the person was standing beside a vehicle, bending over to inspect the engine, when he was struck by another vehicle. *Hackley v State Farm Mut Auto Ins Co*, 147 Mich App 115, 122-123; 383 NW2d 108 (1986).

In this case, plaintiff testified that at the time he was injured he was not in the pickup but instead was outside the truck, slightly bent over, adjusting wires that were protruding from the front of the truck. Because plaintiff was not physically inside the pickup truck, plaintiff was not an occupant of Dover's pickup truck under the no-fault act and cannot seek benefits under MCL 500.3114(4). See *Rednour*, 468 Mich at 249.

## C. THE PICKUP WAS NOT A VEHICLE INVOLVED IN THE ACCIDENT

Plaintiff alternatively argues that even if he were not an occupant of the vehicle, Liberty remains liable for PIP benefits under MCL 500.3115(1)(a) as an insurer of the owner of a vehicle involved in the accident. Again, we disagree.

When a claimant is not an occupant of a vehicle, MCL 500.3115 determines the priority of the insurers for purposes of PIP benefits, and the claimant may claim PIP benefits from "[i]nsurers of owners or registrants of motor vehicles involved in the accident." MCL 500.3115(1)(a); *Allstate Ins Co*, 321 Mich App at 552. That statutory section provides:

---

[3] Addressing the argument that a person may be occupying a vehicle if they are "upon" the vehicle, the Court in *Rednour* stated that "[p]hysical contact by itself does not, however, establish that a person is 'upon' a vehicle such that the person is 'occupying' the vehicle," *Rednour*, 468 Mich at 249-250, suggesting that it is still possible in given circumstances to interpret being "upon" a vehicle as occupying the vehicle.

(1) Except as provided in subsection (1) or section 3114 [MCL 500.3114], a person suffering accidental bodily injury while not an occupant of a motor vehicle shall claim personal protection insurance benefits from insurers in the following order of priority:

(a) Insurers of owners or registrants of motor vehicles involved in the accident.

(b) Insurers of operators of motor vehicles involved in the accident. [MCL 500.3115(1).]

In this case, Liberty insured Dover and thus could be liable under MCL 500.3115 if Dover was the owner, registrant, or operator of a motor vehicle *involved in the accident.* Plaintiff argues that because Dover's pickup was the vehicle that struck him, it was a motor vehicle involved in the accident. The parties do not dispute, however, that Dover's pickup was parked at the time plaintiff was injured.

Our Supreme Court has held that a parked vehicle is not "involved in the accident" unless one of the exceptions of MCL 500.3106 applies. *Heard v State Farm Mut Auto Ins Co*, 414 Mich 139, 144; 324 NW2d 1 (1982).[4] That is, MCL 500.3105(1) provides that "an insurer is liable to pay benefits for accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle, subject to the provision of this chapter." A no-fault insurer generally is not obligated to pay first-party PIP benefits for injuries involving a parked vehicle, however, because injuries involving a parked vehicle usually do not involve use of the vehicle as a motor vehicle. See *Stewart v Michigan*, 471 Mich 692, 698; 692 NW2d 376 (2004). In that regard, MCL 500.3106(1) provides:

(1) Accidental bodily injury does not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle unless any of the following occur:

(a) The vehicle was parked in such a way as to cause unreasonable risk of the bodily injury which occurred.

(b) . . . [T]he injury was a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process.

(c) . . . [T]he injury was sustained by a person while occupying, entering into, or alighting from the vehicle.

---

[4] This Court in *Shinn v Michigan Assigned Claims Facility*, 314 Mich App 765, 769-771; 887 NW2d 635 (2016), recently noted that the statutes relevant in *Heard* have since been amended.

In *Stewart*, our Supreme Court further explained the public policy underlying the parked vehicle exclusion:

Injuries involving parked vehicles do not normally involve the vehicle *as a motor vehicle*. Injuries involving parked vehicles typically involve the vehicle in much the same way as any other stationary object (such as a tree, sign post or boulder) would be involved. There is nothing about a parked vehicle *as a motor vehicle* that would bear on the accident.

The stated exceptions to the parking exclusion clarify and reinforce this construction of the exclusion. Each exception pertains to injuries related to the character of a parked vehicle as a motor vehicle – characteristics which make it unlike other stationary roadside objects that can be involved in vehicle accidents. [*Stewart*, 471 Mich at 698, quoting *Miller v Auto-Owners Ins Co*, 411 Mich 633, 639-641; 309 NW2d 544 (1981), abrogation regarding the exception in MCL 500.3106(1)(b) recognized by *Lefevers v State Farm Mut Auto Ins Co*, 493 Mich 960; 828 NW2d 678 (2013).]

In sum, injuries involving a parked vehicle do not normally involve the use of the vehicle as a motor vehicle, *Stewart*, 471 Mich at 698, and a parked vehicle that is not in use as a motor vehicle cannot be deemed "involved in the accident." See *Heard*, 414 Mich at 144.

In this case, the trial court concluded:

McAllister asserts that minimal physical contact with a vehicle at the time of an accident is sufficient to conclude that a vehicle is involved in an accident. But the cases McAllister cites for this proposition are factually distinguishable from the case at bar because they do not involve parked vehicles. See, e.g., *Auto Club Ins Ass'n v State Auto Mut Ins Co*, 258 Mich App 328; 671 NW2d 132 (2003) (genuine issue of material fact existed as to whether vehicle at a standstill waiting for traffic to clear in a construction zone was involved in the accident). In the instant case, McAllister's vehicle was not merely stopped in a lane of traffic, but was properly parked in a parking lot. . . .

Viewing the evidence in the light most favorable to McAllister, reasonable minds could conclude only that Dover's parked vehicle was not involved in the accident. Thus, McAllister has failed to establish any material factual issue demonstrating that Liberty Mutual is the highest priority insurer under MCL 500.3115(1).

Again, we agree. None of the statutory exceptions of MCL 500.3106(1) applies. A parked vehicle typically is not "involved in an accident" because "[i]njuries involving parked vehicles do not normally involve the vehicle *as a motor vehicle*." *Stewart*, 471 Mich at 698. In this case, the accident involved two other vehicles. One of those vehicles then hit a stationary object that just happened to be Dover's parked pickup truck, thereby injuring plaintiff. Plaintiff testified that he parked Dover's pickup in a parking spot in the parking lot, turned off the ignition, and got out of the truck. There was no allegation that the pickup was parked in such a

-10-

way as to cause unreasonable risk of plaintiff's injuries. There was also no evidence that plaintiff's injuries were a direct result of physical contact with equipment permanently mounted on the vehicle, while the equipment was being operated or used, or property being lifted onto or lowered from the vehicle in the loading or unloading process. Plaintiff also did not allege any evidence that his injuries were sustained while occupying, entering into, or alighting from the pickup. Rather, plaintiff testified that while he was standing in front of the parked pickup adjusting wires that protruded from the front of the truck, the truck driven by Vuich hit the rear passenger side of the parked pickup, causing it to spin around and hit plaintiff. The pickup therefore acted in much the same way any stationary object would and there was nothing about the fact that the object was a pickup truck that bears on the accident. Because none of the exceptions of MCL 500.3106 applies, plaintiff's injuries did not arise out of the ownership, operation, maintenance, or use of a parked vehicle as a motor vehicle, and therefore the parked pickup truck was not "involved in the accident" within the meaning of MCL 500.3115(1). *Heard*, 414 Mich at 144. The trial court therefore correctly concluded that plaintiff was not entitled to PIP benefits from Liberty and that Liberty was entitled to summary disposition.

Affirmed.


/s/ Deborah A. Servitto
/s/ Michael F. Gadola

-11-