ROYAL GLOBE INSURANCE COMPANIES v FRANKENMUTH
MUTUAL INSURANCE COMPANY

Docket No. 69843. Argued April 5, 1984 (Calendar No. 15).—Decided
November 19, 1984.

Royal Globe Insurance Companies brought an action in the
Saginaw Circuit Court against Frankenmuth Mutual Insurance
Company, seeking a declaration that Frankenmuth was liable
to pay personal injury protection benefits to Arthur and Ma-
rian Karam for injuries suffered by Marian Karam in a single
motor vehicle accident. Frankenmuth was the insurer of the
Karams' personal automobile, and Royal Globe was the insurer
of the vehicle that struck Mrs. Karam which was owned by
General Motors Corporation, Mr. Karam's employer. Franken-
muth had denied responsibility on the ground that, although
Mrs. Karam had gotten out of the vehicle that struck her, she
was continuing to use the vehicle by assisting in the unloading
of it and thus was an "occupant" of the vehicle under the no-
fault act. Because she was an occupant, Frankenmuth con-
tended, Royal Globe, as insurer of the vehicle, was liable to pay
benefits. Royal Globe had paid the benefits under protest. The
court, Robert S. Gilbert, J., held that Mrs. Karam was an
occupant at the time of the accident and entered a judgment of
no cause of action against Royal Globe. The Court of Appeals,
Allen, P.J., and Cynar and Falahee, JJ., affirmed in an unpub-
lished opinion per curiam (Docket No. 57496). Royal Globe
appeals.

In a unanimous opinion by Justice Ryan, the Supreme Court
*held:*

Upon the facts of the case, the injured party was not an
occupant of the motor vehicle which struck her at the time she
was injured.

1. An employee or the spouse of an employee who suffers
accidental bodily injury while an occupant of a motor vehicle

REFERENCES FOR POINTS IN HEADNOTES

[1-4] 7 Am Jur 2d, Automobile Insurance §§ 128, 136.
Meaning of "operate" or "being operated" within clause of automo-
bile policy limiting its coverage. 51 ALR2d 924.
[2] 7 Am Jur 2d, Automobile Insurance §§ 354, 355.

owned or registered by an employer is entitled to personal protection insurance benefits from the insurer of the employer's vehicle. The spouse of an insured who, at the time of suffering injury in a motor vehicle accident, is not an occupant of a motor vehicle involved in the accident is entitled to personal protection insurance benefits from the spouse's insurer.

2. Case law which held that a person who had gotten out of a vehicle immediately before the vehicle was hit from behind and in turn struck him was "occupying" the vehicle for the purpose of determining insurance coverage does not control in this case. The case was decided under pre-no-fault law, involved construction of the terms of a policy which expressly provided that the term "occupying" referred to a person "in or upon or entering into or alighting from" a vehicle, and would have resulted in no recovery for the injured party if he was not determined to have been occupying the vehicle at the time of the injury. The operative word in the no-fault act is "occupant" and must be construed by applying its primary and generally understood meaning consistent with the intention of the Legislature. So construed, "occupant" does not include a person entering into or alighting from a vehicle.

3. In this case, the logically inescapable conclusion on the basis of the facts is that Mrs. Karam was not an occupant of the vehicle that struck her. Whatever her status was when she got out of the vehicle on the street and walked some 60 feet to the rear of the garage where she was struck, she was not an occupant when she was injured.

Reversed.

1. INSURANCE — NO-FAULT — OCCUPANTS OF VEHICLES.

A person who had gotten out of a motor vehicle with the intention of helping to unload it and who was subsequently struck by the vehicle was not an occupant of the vehicle under the no-fault act (MCL 500.3114[1], [3], 500.3115[1]; MSA 24.13114[1], [3], 24.13115[1]).

2. INSURANCE — NO-FAULT — OCCUPANTS OF VEHICLES.

An employee or the spouse of an employee who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by an employer is entitled to personal protection insurance benefits from the insurer of the employer's vehicle (MCL 500.3114[3]; MSA 24.13114[3]).

3. INSURANCE — NO-FAULT — OCCUPANTS OF VEHICLES.

A person who purchases personal protection insurance or the spouse of such a person is entitled to benefits from the insurer

issuing the policy for accidental bodily injury arising from a motor vehicle accident where the injured party is not an occupant of a motor vehicle at the time of the injury (MCL 500.3114[1], [3], 500.3115[1]; MSA 24.13114[1], [3], 24.13115[1]).

4. Insurance — No-Fault — Occupants of Vehicles.
   The term "occupant" as used in the no-fault act must be construed by applying its primary and generally understood meaning consistent with the intention of the Legislature; so construed, "occupant" does not include a person entering into or alighting from a vehicle (MCL 500.3114[1], [3], 500.3115[1]; MSA 24.13114[1], [3], 24.13115[1]).

*Smith & Brooker, P.C.* (by *Michael J. Huffman* and *Mona C. Doyle),* for the plaintiff.

*Purcell, Tunison & Cline, P.C.* (by *George M. Tunison),* for the defendant.

Ryan, J. The broad and ultimate issue in this case is concerned with which of two insurance companies is responsible to pay no-fault benefits for injuries suffered by an insured's spouse who was injured in a single motor vehicle accident. That question is answered in turn by our determination whether, under the no-fault insurance act[1] and upon the facts of this case, the injured party was or was not an "occupant" of a motor vehicle at the time she was injured.

We hold that she was not an occupant and reverse the decision below.

The following facts, as recounted in the opinion of the Court of Appeals, are not in dispute and we adopt them as correct:

"On the day of the accident [November 13, 1977], Mr. and Mrs. Karam had just returned home, and Mr. Karam had stopped his automobile either in front of or in the driveway. By use of an automatic device, Mr.

---

[1] MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.*

Karam, apparently, opened the garage door from the automobile. He was at this time driving a Pontiac Grand Prix owned by his employer, General Motors, and insured by plaintiff. Mr. Karam owned a Chevrolet Caprice which was insured by defendant and which was parked in the garage.

"While the Grand Prix was parked, Mrs. Karam picked up a Thermos bottle and a bag, and proceeded to carry those items to the back door which was inside the garage. She planned to place these items inside the house, turn on the light to the garage and house, and return to the Grand Prix to unload it. While she was looking for the keys to the back door, Mr. Karam proceeded to back the Grand Prix into the garage. Unfortunately, the car proceeded at a speed much faster than he wished. He hit the brakes but the Grand Prix went faster. Apparently, a pop bottle was lodged under the brake pedal and also struck the accelerator. As the brake was depressed it pushed the accelerator down. He struck the side of the garage which caused the overhead door to crash down upon both cars. He also struck his wife and knocked her against the back wall."

As the Court of Appeals correctly stated, Royal Globe Insurance Company provided no-fault coverage for the Pontiac owned by General Motors and Frankenmuth Mutual Insurance Company provided coverage for the Chevrolet, the Karams' privately owned vehicle.

The Karams sought personal injury protection benefits from Frankenmuth for lost wages and medical expenses incurred as a result of Mrs. Karam's injuries. When Frankenmuth denied responsibility for the payment of benefits, Royal Globe paid the no-fault benefits under protest and filed this suit for declaratory relief.

The significance of the question whether Mrs. Karam was an "occupant" of the motor vehicle at the time she was injured derives from the language of § 3114(3) of the no-fault act, read in

conjunction with § 3115(1), and § 3114(1). Section 3114(3) provides:

"An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an *occupant* of a motor vehicle *owned or registered by the employer,* shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle." (Emphasis added.)

Therefore, if, at the time of the accident, Mrs. Karam was an "occupant" of the Pontiac owned by her husband's employer, General Motors Corporation, Royal Globe is the insurer responsible for payment of Mrs. Karam's no-fault benefits. If, however, Mrs. Karam was "not an occupant" of the Pontiac when she was injured, then, under the first clause of § 3115(1), § 3114(1) becomes controlling. That is so because § 3115(1), in relevant part, provides:

"(1) *Except as provided in subsection (1) of Section 3114,* a person suffering accidental bodily injury while *not an occupant* of a motor vehicle shall claim personal protection benefits from insurers in the following order of priority:
"(a) Insurers of owners or registrants of motor vehicles involved in the accident.
"(b) Insurers of operators of motor vehicles involved in the accident." (Emphasis added.)

Because of the language of exception in the first clause of § 3115(1), emphasized above, if it is determined that Mrs. Karam is "not an occupant" of the motor vehicle which struck her, § 3114(1) operates to identify the primarily applicable coverage. That section, in relevant part, provides:

"Section 3114(1) * * * a personal protection insur-

ance policy * * * applies to accidental bodily injury to the person named in the policy, *the person's spouse,* and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident."

Therefore, and to summarize, under the priority provisions of the no-fault act, and particularly in light of the language of exception in § 3115(1), if Mrs. Karam was "not an occupant" of the motor vehicle which struck her at the time it struck her, her no-fault benefits must be paid by Frankenmuth, and Royal Globe is entitled to reimbursement for benefits already paid. If she was an occupant, Royal Globe remains liable for all benefits due.

In determining the question of occupancy or non-occupancy in this case, the trial court obviously believed itself bound by this Court's decision in *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975). For that reason, it held that Mrs. Karam was an occupant of the Pontiac company car at the time of the accident and entered a judgment of no cause of action.[2] The

---

[2] The trial court opinion, in relevant part, states:

"On the face of the statement above [regarding Mrs. Karam's location at the time she was injured] it would appear logically that Mrs. Karam could not be an occupant of the vehicle that struck her and that the plaintiff in this matter would prevail. However, the Supreme Court and the Court of Appeals have extended the normal meaning of the term 'occupant'. The cases interpret that statutory meaning of the word occupant so that it would include Mrs. Karam at the time the accident occurred in this matter.

"This injury resulted from the use of the General Motors Corporation automobile which was insured by plaintiff. When Mrs. Karam left the auto she entered the garage with her purse and a thermos bottle to turn the light on in the garage and open the door to the house so that she could deposit the load she had. She intended to return to the car to unload it when she was injured. Mr. Karam was going to unload the firewood and Mrs. Karam was going to unload the suitcases and other paraphernalia they had brought back from their trip to their cottage.

"At the time of the accident neither Mr. nor Mrs. Karam had

Court of Appeals, likewise relying on *Nickerson,* affirmed the trial court in an unpublished per curiam opinion.[3]

We granted leave to appeal. 418 Mich 879 (1983).

The essentially undisputed facts of this case, as recited by the Court of Appeals and which we adopt as correct, would seem to suggest that a logically inescapable conclusion is that Mrs. Karam was not an occupant of the car that struck her and pushed her against the back wall of the garage, causing her serious injuries. The eminently learned judges of the lower courts concluded otherwise, however, obviously believing

---

ended their use of the automobile. The cases below cited are authority for the test of 'continuity' of use of the automobile and for the proposition that a person in the position of Mrs. Karam was an 'occupant' of the automobile at the time of the accident as that term is used in the statute. *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324 (1975) * * *.

"Everything Mrs. Karam was doing at the time of the injury was in furtherance of her intent to assist in the parking and unloading of the vehicle.

"Under § 3114(3) the plaintiff, as insurer of Mr. Karam's employer's automobile, is liable for the coverage of Mrs. Karam's injuries."

[3] The Court of Appeals opinion, in relevant part, states:

"In *Kalin v DAIIE,* [112] Mich App [497]; [316] NW2d [467] (1982), *[lv den* 417 Mich 853 (1982)], this Court held that in the absence of physical contact with the insured vehicle, 'immediate prior occupancy —*at the very least*—is necessary to a finding of "occupancy" under sections 3114 and 3115 of the No-Fault Act.' [112 Mich App 507]. In the instant case Mrs. Karam was, obviously, in physical contact with the insured vehicle at the time of impact. Additionally, she was an occupant immediately preceding the accident and she intended to return to the vehicle to assist in unloading it. Accordingly, the trial court's ruling that Mrs. Karam was an 'occupant' of the vehicle which struck her was correct. See, also, *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975), *Ottenwess v Hawkeye Security Ins Co,* 84 Mich App 292; 269 NW2d 570 (1978), *rev'd in part* 408 Mich 164; 289 NW2d 708 (1980), *Hathcox v Liberty Mutual Ins Co,* 90 Mich App 511; 282 NW2d 374 (1979), and *McPherson v Auto-Owners Ins Co,* 90 Mich App 215; 282 NW2d 289 (1979), *lv den* 407 Mich 908 (1979)."

themselves bound by our decision in *Nickerson,
supra.* In that respect, we think our colleagues
below erred. For a number of reasons, *Nickerson*
does not control this case.

In *Nickerson,* the plaintiff was a passenger in an
insured vehicle being operated by Curtis Parvin.
The car stalled on the highway and Nickerson
helped push it to the side of the road before
reentering it. A passing motorist was then flagged
down, apparently by Parvin, to provide assistance.
As this motorist began turning his car around to
return to the site of Parvin's vehicle, Nickerson
again got out of the vehicle, this time from the
driver's side, and walked around to the front of
the car. At this point a third and uninsured vehi-
cle struck the Parvin vehicle from the rear, push-
ing it into Nickerson who suffered serious and
permanent injury. Nickerson sought compensation
for his injuries from the insurer of Parvin's vehi-
cle. Under the language of Parvin's insurance
policy, coverage extended to any person "occupy-
ing" the Parvin vehicle. The term "occupying" was
explicitly defined in Parvin's insurance policy as
"in or upon or entering into or alighting from" the
vehicle.

In determining that, for purposes of insurance
policy coverage, Nickerson was "occupying" the
Parvin vehicle, this Court stated:

"We conclude that plaintiff Nickerson, due to his
immediate prior 'occupying' of the insured vehicle and
his subsequent injury arising out of the use or repair of
the same vehicle, was an 'assured' under the policy of
automobile insurance issued by defendant." 393 Mich
331-332.

The first and most significant distinction be-
tween *Nickerson* and this case is the fact that

*Nickerson* is a pre-no-fault act case in which the Court was construing the terms of a private insurance contract rather than, as in this case, the language of a statute.[4] It is a familiar and fundamental rule of construction of a private automobile insurance policy that the court's first duty is to determine, from the language used, the apparent intention of the contracting parties, and then to construe doubtful or ambiguous terms favorably to the insured and against the insurer as the contract drafter. See *Gorham v Peerless Life Ins Co,* 368 Mich 335; 118 NW2d 306 (1962); *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355; 314 NW2d 440 (1982). The language of a statute, on the other hand, is required to be construed by assigning to the words used their primary and generally understood meaning consistent with the apparent intention of the Legislature in enacting the law. See *AT&T v Employment Security Comm,* 376 Mich 271, 279; 136 NW2d 889 (1965) (opinion of O'HARA, J.).

A second important distinction between *Nickerson* and this case is that, in *Nickerson,* the term being construed was "occupying", and it was ex-

---

[4] Although the *Nickerson* decision was issued after the passage of the no-fault act which became effective October 1, 1973, it was concerned with a contract of insurance under pre-no-fault law. Despite that fact, *Nickerson's* broad construction of the term "occupying", which was explicitly defined in the insurance policy in that case, has been applied in a number of cases brought under the no-fault act, to determine the meaning of "occupant" as used but not defined in the no-fault statute. *McPherson v Auto-Owners Ins Co,* 90 Mich App 215; 282 NW2d 289 (1979), *lv den* 407 Mich 908 (1979); *Hathcox v Liberty Mutual Ins Co,* 90 Mich App 511, 515-517; 282 NW2d 374 (1979); *Ottenwess v Hawkeye Security Ins Co,* 84 Mich App 292, 301-302; 269 NW2d 570 (1978), *rev'd Mathis v Interstate Motor Freight System,* 408 Mich 164; 289 NW2d 708 (1980). Several recent Court of Appeals panels, however, have questioned the soundness of utilizing *Nickerson* as authority to construe the term "occupant" under the no-fault act. *Winters v National Indemnity Co,* 120 Mich App 156, 160-161; 327 NW2d 423 (1982); *Davis v Auto-Owners Ins Co,* 116 Mich App 402, 410-411; 323 NW2d 418 (1982); *Kalin v DAIIE,* 112 Mich App 497, 503-506; 316 NW2d 467 (1982), *lv den* 417 Mich 853 (1982).

pressly defined in the policy as meaning "in or upon or entering into or alighting from". The operative term in the no-fault act and applicable to this case is "occupant" which is not defined in the statute and is not used together with the expression "entering into or alighting from" the vehicle.[5]

A further and significant distinction between this case and *Nickerson* is that, in the latter, if this Court had not found Nickerson to be an occupant of the Parvin vehicle, Nickerson would have had no recovery for his injuries under the insurance policy since the vehicle which caused his injuries was uninsured. Under the no-fault act, and the facts of this case, no such dilemma exists. Mrs. Karam is entitled to no-fault benefits. She has received some and may be entitled to more. The decision as to the meaning of the statutory term "occupant" determines only which of the two contesting insurance carriers in this case pays the no-fault benefits. Thus, a purposely broad construction of the term "occupant", for the public policy purpose of finding coverage, and, as the *Nickerson* Court put it, to guard against recovery based entirely upon "fortuitous circumstances", is unnecessary and inappropriate. *Nickerson,* therefore, on its facts and in the rules governing the interpretation of its language, is simply inapplicable to this case and cases like it requiring construction of the term "occupant" in the no-fault act.

---

[5] On the facts of this case, it is patently clear that Mrs. Karam was not "in or upon or entering into or alighting from" the vehicle which struck her, when it struck her. For that reason it is unnecessary for us to decide today whether "occupant", as used repeatedly in the no-fault act but never defined, includes entering into or alighting from a vehicle. We note in passing, however, that in § 3106, which is concerned with liability arising from bodily injury suffered in connection with a parked vehicle, the Legislature provided coverage in certain circumstances when a person is "occupying, entering into, or alighting from the [parked] vehicle". The parties agree that this is not a "parked vehicle" case.

It is true, of course, that on a number of occasions we have held that a primary purpose of the no-fault act is to provide victims of motor vehicle accidents with "assured, adequate and prompt reparation for [their] losses". *Cassidy v McGovern,* 415 Mich 483, 498-499; 330 NW2d 22 (1982), citing *Shavers v Attorney General,* 402 Mich 554, 578-579; 267 NW2d 72 (1978), *cert den* 442 US 934 (1979). The priority provisions of the act are designed to help implement these goals. We recently observed as much in *Lee v DAIIE,* 412 Mich 505, 515; 315 NW2d 413 (1982), wherein we stated:

"Reference to other provisions of the no-fault act * * *, particularly §§ 3114 and 3115, suggests strongly that the Legislature, in its broader purpose, intended to provide benefits whenever, as a general proposition, an insured is injured in a motor vehicle accident, whether or not a registered or covered motor vehicle is involved; and in its narrower purpose intended that an injured person's personal insurer stand primarily liable for such benefits whether or not its policy covers the motor vehicle involved and even if the involved vehicle is covered by a policy issued by another no-fault insurer."

Although it was not so in *Nickerson,* under the no-fault act and the facts of this case, there is no question but that "assured" and "adequate" compensation will be forthcoming. The only question is, from whom? And, unlike the concern in *Nickerson,* what is more directly implicated here is the need to further the goal of the no-fault act which seeks to provide victims of motor vehicle accidents with *prompt* reparation for their losses. That purpose is better served in cases such as the one before us by the certainty and predictability that a literal construction of the word "occupant" will yield, when it is assigned its primary and generally understood meaning.

Whether in another case, on other facts, it will be appropriate to construe the meaning of the statutory term "occupant" as used in § 3114 and § 3115 as including persons within and upon a motor vehicle as well as those entering into and alighting from it remains to be seen. It is certainly unnecessary, and indeed inappropriate for us to do so on the facts before us.

Absent the influence of *Nickerson* as binding or even instructive precedent in construing the term "occupant" in the no-fault insurance act, there is no difficulty in determining whether Mrs. Karam was an "occupant" of the Pontiac which struck her. Whatever her status was after she left the motor vehicle in the street and walked some 60 feet to the rear of the garage where the Pontiac struck her, Mrs. Karam was "not an occupant" of the vehicle when she was injured.

Therefore, under the priority provisions of § 3115(1) and § 3114(1), the insurer responsible for payment of no-fault benefits in this case is Frankenmuth which provided no-fault coverage on the Karams' privately owned vehicle.

The judgment of the Court of Appeals is reversed.

WILLIAMS, C.J., and KAVANAGH, LEVIN, BRICKLEY, CAVANAGH, and BOYLE, JJ., concurred with RYAN, J.