**Michigan Supreme Court**
Lansing, Michigan 48909

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED MAY 30, 2003**

NICKOLAS REDNOUR,

    Plaintiff-Appellee,

v                           No. 119187

HASTINGS MUTUAL INSURANCE COMPANY,

    Defendant-Appellant.

_____

BEFORE THE ENTIRE BENCH

CORRIGAN, C.J.

We granted leave to appeal to consider the proper definition of the word "occupying" in the no-fault automobile-insurance policy at issue in this case. We hold that plaintiff was not "occupying" the vehicle as that term is defined in the policy because he was outside the vehicle and approximately six inches from it when the other automobile struck him. We thus reverse the judgment of the Court of Appeals and reinstate the trial court's decision.

## I. Underlying facts and procedural posture

Plaintiff was driving a friend's car in Ohio. The left rear tire of the vehicle became flat. To change the tire, plaintiff left the car, loosened the lug nuts, and began to walk toward the rear of the car. An oncoming automobile then struck plaintiff and threw him against the car he had been driving, injuring him. Plaintiff admitted that he had not been touching his friend's car and that he had been approximately six inches from it when the other vehicle struck him.

The vehicle plaintiff had been driving was insured under Michigan's no-fault insurance act, MCL 500.3101 *et seq.*, with defendant Hastings Mutual Insurance Company. Plaintiff contended that he was "occupying" the vehicle as that term had been defined in defendant's policy and that he thus was entitled to personal injury protection (PIP) benefits. After defendant denied the claim, plaintiff filed a complaint seeking payment of the benefits. Defendant moved for summary disposition under MCR 2.116(C)(10) on the ground that plaintiff had not established a genuine issue of material fact regarding whether he had been "occupying" the insured vehicle when he was injured. The trial court granted defendant's motion.

On review, the Court of Appeals reversed.[1] It treated the word "occupying" as ambiguous and construed it against defendant, the drafter of the policy. On that basis, the Court concluded that plaintiff was "occupying" the vehicle within the meaning of that term in the policy.

Defendant filed an application for leave to appeal, which we granted. 467 Mich 869 (2002).

## II. Standard of review

We review de novo a trial court's ruling on a motion for summary disposition. *Hinkle v Wayne Co Clerk*, 467 Mich 337, 340; 654 NW2d 315 (2002). The interpretation of a contract presents a question of law that we also review de novo. *Archambo v Lawyers Title Ins Corp*, 466 Mich 402, 408; 646 NW2d 170 (2002).

## III. Discussion

### A. Statutory and contractual provisions

The no-fault act sets forth the circumstances in which benefits are available for out-of-state accidents. MCL 500.3111 states:

> *Personal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if* the accident occurs within the United States, its territories and possessions or in Canada, and *the person whose injury is the basis of the claim was at the time of the accident* a named insured under a

---

[1]245 Mich App 419; 628 NW2d 116 (2001).

3

personal protection insurance policy, his spouse, a relative of either domiciled in the same household or *an occupant of a vehicle involved in the accident* whose owner or registrant was insured under a personal protection insurance policy or has provided security approved by the secretary of state under subsection (4) of section 3101. [Emphasis added.]

Plaintiff was not a named insured or a spouse or relative of a named insured. Thus, the statute provides that to obtain PIP benefits, plaintiff must qualify as an "occupant" of an insured vehicle involved in the accident. The no-fault act does not define the word "occupant."

The insurance policy at issue states:

A. We do not provide Personal Injury Protection Coverage for "bodily injury":

* * *

3. Sustained by any "insured" while not "occupying" an "auto" if the accident takes place outside Michigan. However, this exclusion does not apply to:

a. You; or

b. Any "family member".

The policy defines "occupying" as "in, upon, getting in, on, out or off."

B. Case law

This Court has previously considered whether a person was either an "occupant" of, or "occupying," a vehicle. In *Nickerson v Citizens Mut Ins Co*, 393 Mich 324; 224 NW2d 896 (1975), a case before the no-fault act, the plaintiff left a

4

stalled vehicle and walked to the front of the car. An uninsured motorist struck the stalled automobile and pushed it into the plaintiff, injuring him. The plaintiff sought uninsured-motorist benefits. The policy provided benefits to an "assured" who was "occupying the insured automobile." The policy defined "occupying" as "in or upon or entering into or alighting from." *Id*. at 328.

The *Nickerson* Court construed the policy against the drafter to grant benefits. *Id*. at 330. It stated that the insured vehicle had touched the plaintiff when he was injured and that the plaintiff was thus "upon" the car. *Id*. at 330-331. The Court further suggested that physical contact was not required in the circumstances presented in *Nickerson*.

In *Royal Globe Ins Co v Frankenmuth Mut Ins Co*, 419 Mich 565; 357 NW2d 652 (1984), a priority dispute between two insurers hinged on whether the injured person was "an occupant" of a company vehicle under § 3114 of the no-fault act. A woman had gotten out of her husband's company car and walked sixty feet to a garage. The husband then accidently struck the garage and his wife with the car. This Court held that she was not "an occupant" of the company car under § 3114. This Court distinguished *Nickerson* as a case predating no-fault:

5

And, unlike the concern in *Nickerson*, what is more directly implicated here is the need to further the goal of the no-fault act which seeks to provide victims of motor vehicle accidents with *prompt* reparation for their losses. That purpose is better served in cases such as the one before us by the certainty and predictability that a literal construction of the word "occupant" will yield, when it is assigned its primary and generally understood meaning. [*Id.* at 575.]

"Whatever her status was after she left the motor vehicle in the street and walked some 60 feet to the rear of the garage where the [company car] struck her, [the wife] was 'not an occupant' of the vehicle when she was injured." *Id.* at 576.

Next, in *Rohlman v Hawkeye-Security Ins Co (Rohlman I)*, 442 Mich 520; 502 NW2d 310 (1993), the plaintiff was struck and injured on a highway in Ohio while attempting to retrieve a trailer that had become unhitched from a van. The plaintiff sought PIP benefits and uninsured-motorist benefits from the insurer of the van. This Court held that the plaintiff was not an "occupant" of the van for the purpose of obtaining PIP benefits. This Court again noted that *Nickerson* was a case predating no-fault. Under the no-fault act, most "accidents are now covered by personal injury protection benefits or the assigned claims plan. Therefore, the repeal of the uninsured motorist statute and passage of the no-fault act largely eliminated the motivating factors underlying the *Nickerson* decision." *Id.* at 529. This Court did not decide whether the

6

policy in *Rohlman I* afforded broader coverage than the no-fault act because the parties did not raise that issue.

In addressing the meaning of "occupant" in § 3111, the *Rohlman I* Court noted that subsection 3106(1)(c) of the no-fault act provides coverage for a person injured "while occupying, entering into, or alighting from [a parked] vehicle." The *Rohlman I* Court concluded:

> The Legislature expressly recognized that "entering into" and "alighting from" are acts separate from "occupying" a vehicle. . . . Section 3111 does not include "entering into" or "alighting from" the vehicle as acts that would trigger personal protection benefits for an out-of-state accident.
>
> By giving the term occupant its primary and generally understood meaning coupled with the above statutory reference, we conclude that the *plaintiff was not an occupant of the van because he was not physically inside the van when the accident occurred*. We find this interpretation consistent with our *Royal Globe* decision and the intent of the no-fault act. [*Rohlman I, supra* at 531-532 (emphasis added).]

The *Rohlman I* Court remanded the case to the Court of Appeals to consider whether the plaintiff was an occupant *of the trailer* for the purposes of the no-fault statute and whether the plaintiff was occupying the van or the trailer for the purposes of the uninsured-motorist provision of the policy. The Court of Appeals considered those issues on remand in *Rohlman v Hawkeye-Security Ins Co (On Remand) (Rohlman II)*, 207 Mich App 344; 526 NW2d 183 (1994). It

7

concluded that the plaintiff was not an occupant of the trailer under the *Rohlman I* definition because he was not "physically inside" it.

The policy in *Rohlman II* required the plaintiff to have been "occupying" the insured vehicle to obtain uninsured-motorist benefits. The policy defined "occupying" as "in, upon, getting in, on, out or off." *Id*. at 351. The Court noted that the word "getting" appears to modify the words "in, on, out, or off" because the policy could not cover everyone who was "out" or "off" the vehicle, and because the word "on" was synonymous with "upon," which was included elsewhere in the definition. The plaintiff was not getting in, on, out, or off the van or the trailer when the accident occurred.

A question remained whether the plaintiff was "upon" the van or the trailer. The *Rohlman II* Court noted that *The Random House College Dictionary* (Rev ed, 1988) defined "upon" to mean "up and on; upward so as to get or be on: *He climbed upon his horse and rode off.*" *Rohlman II, supra* at 356. *Webster's Third New International Dictionary* defined "upon" to mean "on." *Rohlman II, supra* at 356. The Court acknowledged another definition of "upon" listed in the Random House dictionary: "in or into complete or approximate contact with, as an attacker or an important or pressing occasion: *The enemy was upon us. The Christmas holiday will soon be upon us.*"

*Rohlman II, supra* at 355.  That latter definition did not apply.

> We doubt that anyone would argue that the parties to the insurance contract intended that the word "upon" be used in the sense of "approximate contact . . . with an attacker" or "in close proximity . . . with an attack."  Moreover, we are convinced that the parties did not intend that "upon" should be interpreted as "immediate proximity."  That interpretation would provide (and require payment for) supplemental coverage in the form of uninsured motorist benefits for anyone who happens to be near the covered auto and injured when the auto is struck by an uninsured motorist even though the person has no connection with the owner, named insured, or covered vehicle. [*Id.* at 356-357.]

Nonetheless, the *Rohlman II* Court suggested that a person need not be completely supported by an object to be "upon" it.  The Court stated that the term requires, at a minimum, physical contact with the covered auto when the injury occurs.  *Id.* at 357.  The plaintiff was not in physical contact with the van when the accident occurred.  A question of fact remained, however, whether the plaintiff was in physical contact with the trailer at the time of the accident.  The Court remanded the case to the trial court to resolve that issue.

## C. Analysis and application

No-fault PIP benefits are not available to plaintiff under § 3111. A person must be *physically inside* a vehicle to be an "occupant" of it under the no-fault act.  *Rohlman I,*

9

*supra* at 523.  Plaintiff was not physically inside the vehicle during the accident and thus was not an "occupant" of it.

We need not reach the question left open in *Rohlman I*, i.e., whether a policy may provide coverage broader than that required by the no-fault act.  Plaintiff was not "occupying" the vehicle under the policy definition of that term.  He was outside the vehicle, approximately six inches away from it.  He was not in the vehicle, nor was he getting in, on, out, or off the vehicle when he was injured.

Plaintiff suggests that he was "upon" the car because he was pinned against it after being struck.  Physical contact by itself does not, however, establish that a person is "upon" a vehicle such that the person is "occupying" the vehicle.[2]  The relevant dictionary definitions discussed above clarify that

[2]The dissent, citing plaintiff's assertion that he was injured when he was pinned between the two cars, concludes that plaintiff has alleged sufficient facts to enable a jury to conclude that he was "on" or "upon" the insured vehicle when the accident occurred.  However, this analysis fails to take account that "on" or "upon" must be interpreted in the context of the word that they are defining: "occupying."  The dissent ignores the definitional word itself because it cannot be said that plaintiff here was "occupying" the vehicle in question, however broadly "on" and "upon" are defined.  Further, the arbitrariness of the dissent's interpretation must be noted.  Under the dissent's reasoning, if there are two persons who are struck by a vehicle while in the vicinity of the insured vehicle, and if one is thrown into the insured vehicle while the other is thrown into a tree, a highway, a curb, or a fence, only the former would be covered by the policy as interpreted by the dissent.  Such happenstance does not form a rational basis for understanding the scope of coverage under an insurance policy.

10

one must be *on* or *up and on* a vehicle in order to be "upon" it.[3] We reject the dicta in *Rohlman II* that suggests physical contact alone may be sufficient to show that the person was "upon" the vehicle so as to be "occupying" the vehicle.[4]

We overrule *Nickerson* because it departed from the plain language of the policy definition. In *Royal Globe* and *Rohlman I*, this Court observed that the concerns underlying the *Nickerson* decision were not compelling following the passage of the no-fault act. We agree and note that the *Nickerson* Court was bound to apply the clear policy language regardless of whether the insurance contract was entered into before the no-fault act took effect. The definition of "occupying" in the *Nickerson* policy is essentially identical to the definition in the policy before us. Because *Nickerson* did not follow that definition, we overrule that decision to the extent that it is inconsistent with our analysis here. Courts

[3]The *Rohlman II* Court properly rejected the definition of "upon" that refers to close proximity, as in "the enemy is upon us." That definition is wholly inapposite in the context of physical occupancy and, moreover, it would expand coverage to anyone near the vehicle regardless of their relationship to it. The more pertinent definition of "upon" is "on" or "up and on."

[4]Contrary to the dissent's assertion, the majority has not made credibility determinations. We have considered the evidence in the light most favorable to plaintiff, the nonmoving party, as we must when reviewing an order granting or denying summary disposition pursuant to MCR 2.116(C)(10). *Smith v Globe Life Ins Co*, 460 Mich 446, 454; 597 NW2d 28 (1999).

11

may not elevate preferential rules of interpretation above the unambiguous text of a statute or contract.[5] *Crowe v Detroit*, 465 Mich 1, 16; 631 NW2d 293 (2001); *Koontz v Ameritech Services, Inc*, 466 Mich 304, 319; 645 NW2d 34 (2002).

## IV. Conclusion

Under the policy definition of "occupying" that was adopted by the vehicle owner and the insurance company, plaintiff was not occupying the insured automobile when he sustained bodily injury. Accordingly, we reverse the judgment of the Court of Appeals and remand the case to the trial court for entry of an order of summary disposition in favor of defendant.

> Maura D. Corrigan
> Elizabeth A. Weaver
> Clifford W. Taylor
> Robert P. Young, Jr.
> Stephen J. Markman

---

[5]The dissent purports to construe the policy against defendant, but does not explain how or why it believes the contractual language is unclear. "[A] court should not create ambiguity in an insurance policy where the terms of the contract are clear and precise. Thus, the terms of a contract must be enforced as written where there is no ambiguity." *Henderson v State Farm Fire & Cas Co*, 460 Mich 348, 354; 596 NW2d 190 (1999) (citations omitted). Also, "[t]he fact that a policy does not define a relevant term does not render the policy ambiguous." *Id*.

NICKOLAS REDNOUR,

    Plaintiff-Appellee,

v                           No. 119187

HASTINGS MUTUAL INSURANCE COMPANY,

    Defendant-Appellant.

_____

KELLY, J. (*dissenting*).

The majority concludes that the Court of Appeals in *Rohlman II*[1] correctly read the policy language at issue here when it construed "upon" to mean "on." However, it rejects the *Rohlman II* conclusion that being "on" an insured automobile requires only having contact with it.

Moreover, the majority concludes that its decision would control whenever "upon" is used in an insurance contract. Thus, it overrules our holding in *Nickerson v Citizens Mut Ins*

---

[1] *Rohlman v Hawkeye-Security Ins Co* (*On Remand*) (*Rohlman II*), 207 Mich App 344; 526 NW2d 183 (1994).

*Co*,[2] although the policy language at issue in that case is not present here.

I dissent from the majority's holding because, construing the disputed terms against the drafter, I find that plaintiff raised a genuine issue of material fact regarding whether the policy covers his injuries. Thus, defendant was not entitled to summary disposition.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was driving a vehicle insured by defendant when the rear tire of the vehicle went flat. As plaintiff was changing the tire, he was struck by an oncoming vehicle.

He filed with defendant a claim for personal injury protection (PIP) benefits. Defendant denied the claim. Plaintiff then brought an action for benefits in the circuit court. In his complaint, plaintiff contended that defendant owed him PIP benefits because, under the terms of the policy, he was "occupying" the insured vehicle at the time of the accident. Defendant moved for summary disposition under MCR 2.116(C)(10), and the trial court granted the motion.

The Court of Appeals reversed the trial court and held that, under the language of the contract, it was unclear whether plaintiff, when injured, was an "occupant" of the insured vehicle. Accordingly, it construed the policy

_____

[2] 393 Mich 324; 224 NW2d 896 (1975).

2

language against defendant, its drafter.  The Court then concluded that plaintiff was an occupant of the vehicle.

Defendant filed an application for leave to appeal, which we granted.  The majority now reverses the Court of Appeals and holds that plaintiff was not an occupant of the insured vehicle.

## II. DISCUSSION

Issues of contract interpretation are questions of law that we review de novo.  *Archambo v Lawyers Title Ins Corp*, 466 Mich 402, 408; 646 NW2d 170 (2002).  When interpreting a contract, we first consider the language of the contract.  If it is unambiguous, we apply it as written.

If the language, reasonably read, has more than one meaning, we are required to interpret it.  In so doing, we construe ambiguous language against its drafter.

### A. OCCUPANCY UNDER THE NO-FAULT ACT

MCL 500.3111 prescribes when PIP benefits are available for out-of-state automobile accidents.  It provides:

> Personal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs within the United States, its territories and possessions or in Canada, and the person whose injury is the basis of the claim was at the time of the accident a named insured under a personal protection insurance policy, his spouse, a relative of either domiciled in the same household or an occupant of a vehicle involved in the accident whose owner or registrant was insured under a personal protection insurance policy or has

3

provided security approved by the secretary of state under subsection (4) of section 3101.

Although the no-fault act, MCL 500.3101 *et seq.,* does not further define the term "occupant," we have previously considered its meaning as used in the act.

In *Royal Globe Ins Co v Frankenmuth Mut Ins Co,*[3] we stated that the purposes of the act are best served "by the certainty and predictability that a literal construction of the word 'occupant' will yield when it is assigned its primary and generally understood meaning." *Id. at 575.*

We also discussed the meaning of "occupant" in the act in the case of *Rohlman v Hawkeye-Security Ins Co (Rohlman I),* 442 Mich 520; 502 NW2d 310 (1993). After first noting that subsection 3106(1)(c) provides benefits for persons injured "while occupying, entering into, or alighting from the vehicle," we concluded that:

> The Legislature expressly recognized that "entering into" and "alighting from" are acts separate from "occupying" a vehicle. . . . Section 3111 does not include "entering into" or "alighting from" the vehicle as acts that would trigger personal protection benefits for an out-of-state accident.
>
> By giving the term occupant its primary and generally understood meaning coupled with the above statutory reference, we conclude that the plaintiff was not an occupant of the van because he was not physically inside the van when the accident occurred. . . . [*Id.* at 531-532.]

---

[3]419 Mich 565; 357 NW2d 652 (1984).

Applying the ordinary definition of "occupant" to this case, it is evident that plaintiff was not an occupant of the insured vehicle for purposes of the no-fault act.

## B. Occupancy Under the Hastings Policy

Although plaintiff cannot receive benefits under the act, it does not necessarily follow that he cannot receive benefits under the insurance policy issued by defendant.

The policy states:

> A.   We do not provide Personal Injury Protection Coverage for "bodily injury":
>
> * * *
>
> 3.   Sustained by any "insured" while not occupying an "auto" if the accident takes place outside Michigan.

The policy defines "occupying" as "in, upon, getting in, on, out, or off."   In *Nickerson*, a case interpreting an automobile-insurance policy, this Court held that a plaintiff was an occupant of an insured vehicle under circumstances similar to those in this case.

The policy in *Nickerson* defined "occupant" as a person who was "in or upon or entering into or alighting from" an insured vehicle. *Nickerson*, *supra* at 328. Applying the rules of contract interpretation to that language, the *Nickerson* Court held that the policy extended to plaintiff's injuries. It applied a standard definition of "upon" to the policy language.   It then concluded that the plaintiff was an

5

occupant of the car under the terms of the policy because he was "on" the insured car at the time of the accident.

In *Rohlman II*, the Court of Appeals reached a similar result.  In that case, the policy language was analogous to that used in the policy at issue in this case.  It defined an "occup[ant]" as a person who was "in, upon, getting in, on, out or off" an insured vehicle.  *Rohlman II, supra* at 350.

In interpreting this language, the Court of Appeals held that, in the context of the policy's definition of "occupant," the term "upon" was merely a substitute for the term "on." Accordingly, the Court held that a person who was completely out or off the vehicle was not an occupant under the policy. However, it also held that, where a person is injured while he is in contact with an insured vehicle, he is "on" the vehicle and an "occupant" of the vehicle for purposes of the insurance contract.

### C. APPLICATION

#### 1. DEFENDANT'S ENTITLEMENT TO SUMMARY DISPOSITION

Defendant moved for summary disposition under MCR 2.116(C)(10).  A motion under that rule tests the legal sufficiency of a claim.  *Veenstra v Washtenaw Country Club*, 466 Mich 155, 163; 645 NW2d 643 (2002).  "In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings, depositions,

admissions, and documentary evidence filed in the action or submitted by the parties . . . ." *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). Summary disposition is appropriate if the evidence demonstrates that there is no genuine issue concerning any material fact and the moving party is entitled to judgment as a matter of law. *Haliw v Sterling Hts*, 464 Mich 297, 302; 627 NW2d 581 (2001).

When reviewing a motion for summary disposition, courts are required to construe the facts in favor of the nonmoving party, in this case, the plaintiff. *Quinto*, *supra*. Moreover, courts may not assess credibility in considering whether to grant the motion. *Skinner v Square D Co*, 445 Mich 153, 161; 516 NW2d 475 (1994). However, in this case, in reaching its holding, the majority construes the facts in defendant's favor.

At the hearing on defendant's motion for summary disposition, plaintiff argued that his injuries occurred while he was pinned between the cars. Defendant argued that plaintiff sustained his injuries before he came into contact with the insured auto. In support of their arguments, both parties relied on statements that plaintiff made in reporting the accident to the police. To determine whether this dispute regarding the mechanism of plaintiff's injuries presents an issue of material fact, we need only apply the majority's own

7

interpretation of the policy language.

The majority asserts that the sole reasonable interpretation of "upon" in the context of this contract is that it means simply "on." *Ante* at 10 n 2. It then concludes that plaintiff did not suffer his injuries while he was "on" the car.

However, *Random House Webster's College Dictionary* (2000 ed) indicates that "on" means: "so as to be or remain supported by or suspended from . . . ." A person who is pinned between two automobiles is supported by them. Thus, plaintiff has alleged facts that, if believed by a jury, would support a finding that plaintiff was "on" the insured automobile at the time of the accident.

Given this analysis, I find unconvincing the majority's bald assertion that substituting the word "on" for "upon" necessitates a finding that the policy excludes coverage for plaintiff's injuries.[4]

---

[4]Although I have not joined in the majority's reliance on *Rohlman II*, I also have not advanced the definition that the majority would assign to me. Ante at 10 n 2. I follow the majority's own interpretation of this policy's language. In doing so, I agree that "upon" refers to "occupying." However, "upon" is meant to define "occupying," not the other way around.

The Hastings policy provided:

II. PERSONAL INJURY PROTECTION COVERAGE INSURING AGREEMENT

A. We will pay personal injury protection benefits to or for an

(continued...)

"insured" who sustains "bodily injury". The "bodily injury" must:

> 1. Be caused by accident; and
>
> 2. Result from the ownership, maintenance or use of an "auto" as an "auto"

The Hastings policy also states that:

> 2. "Auto accident" means a loss involving the ownership, operation, maintenance or use of an "auto" as an "auto" . . . .

An "insured" is

> 1. You or any "family member" injured in an "auto accident";
>
> 2. Anyone else injured in an "auto accident" :
>
> a. While "occupying" "your covered auto"; or
>
> b. If the accident involves any other "auto":
>
> (1) Which is operated by you or any "family member"; and
>
> (2) To which Part A of this policy applies.
>
> c. While not occupying any "auto" if the accident involves "your covered auto".

Consequently, neither of the plaintiffs in the majority's hypothetical example would recover because, under the policy, there would not be a sufficient nexus between their injuries and the insured vehicle.

Given the policy's limitations on liability, the majority's application of its definition is arbitrary. Under its application, plaintiff would have been able to recover if he had stayed in the vehicle and been injured when it was hit by the other car. However, because plaintiff left the car to change the tire, plaintiff cannot recover, even if he sustained injuries while he was on the car. I cannot accept that this was the intent of the parties when agreeing to this policy.

The majority asserts that a person must be "on" a vehicle to be an occupant under the Hastings policy. But it fails to explain why the straightforward application of its own

(continued...)

## 2. The continued viability of *Nickerson*

The majority also holds that *Nickerson* was wrongly decided because it departed from the language of the insurance policy at issue there. It appears to me inappropriate for the Court to make that decision given the Citizens Mutual policy language.

That language differed significantly from the Hastings language at issue in this case. Thus, I would reserve judgment on the continuing viability of *Nickerson* until the Court is presented with an issue regarding the interpretation of the policy language in that case.

### Conclusion

Plaintiff has presented a genuine question of material fact concerning whether he was an occupant of the insured vehicle at the time he was injured.

Viewing the evidence in the light most favorable to the plaintiff, defendant has not established that it is entitled to judgment in its favor as a matter of law. Regardless of the definition advanced by the majority, the evidence adduced at the hearing on defendant's motion for summary disposition failed in this respect: it did not conclusively establish that plaintiff was not "upon" the vehicle at the time of the

---

[4](...continued)
definition is inapplicable in this case.

accident.

If a jury believed the facts presented by plaintiff, it could conclude that plaintiff was on the car when injured, hence he was an occupant.  It follows that summary disposition was improper.

Accordingly, I would remand the case to the circuit court for trial on the merits.

Marilyn Kelly


CAVANAGH, J.

I concur in the conclusion reached by Justice Kelly.

Michael F. Cavanagh