*252 Kelly, J.
(dissenting).
The majority concludes that the Court of Appeals in Rohlman II[1] correctly read the policy language at issue here when it construed “upon” to mean “on.” However, it rejects the Rohlman II conclusion that being “on” an insured automobile requires only having contact with it.
Moreover, the majority concludes that its decision would control whenever “upon” is used in an insurance contract. Thus, it overrules our holding in Nickerson v Citizens Mut Ins Co,[2] although the policy language at issue in that case is not present here.
I dissent from the majority’s holding because, construing the disputed terms against the drafter, I find that plaintiff raised a genuine issue of material fact regarding whether the policy covers his injuries. Thus, defendant was not entitled to summary disposition.
I. FACTUAL AND PROCEDURAL BACKGROUND
Plaintiff was driving a vehicle insured by defendant when the rear tire of the vehicle went fiat. As plaintiff was changing the tire, he was struck by an oncoming vehicle.
He filed with defendant a claim for personal injury protection (pip) benefits. Defendant denied the claim. Plaintiff then brought an action for benefits in the circuit court. In his complaint, plaintiff contended that defendant owed him pip benefits because, under the terms of the policy, he was “occupying” the insured vehicle at the time of the accident. Defendant moved *253 for summary disposition under MCR 2.116(C)(10), and the trial court granted the motion.
The Court of Appeals reversed the trial court and held that, under the language of the contract, it was unclear whether plaintiff, when injured, was an “occupant” of the insured vehicle. Accordingly, it construed the policy language against defendant, its drafter. The Court then concluded that plaintiff was an occupant of the vehicle.
Defendant filed an application for leave to appeal, which we granted. The majority now reverses the decision of the Court of Appeals and holds that plaintiff was not an occupant of the insured vehicle.
n. discussion
Issues of contract interpretation are questions of law that we review de novo. Archambo v Lawyers Title Ins Corp, 466 Mich 402, 408; 646 NW2d 170 (2002). When interpreting a contract, we first consider the language of the contract. If it is unambiguous, we apply it as written.
If the language, reasonably read, has more than one meaning, we are required to interpret it. In so doing, we construe ambiguous language against its drafter.
A. OCCUPANCY UNDER THE NO-FAULT ACT
MCL 500.3111 prescribes when pip benefits are available for out-of-state automobile accidents. It provides:
Personal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs within the United States, its territories and possessions or in Canada, and the *254 person whose ipjury is the basis of the claim was at the time of the accident a named insured under a personal protection insurance policy, his spouse, a relative of either domiciled in the same household or an occupant of a vehicle involved in the accident whose owner or registrant was insured under a personal protection insurance policy or has provided security approved by the secretary of state under subsection (4) of section 3101.
Although the no-fault act, MCL 500.3101 et seq., does not further define the term “occupant,” we have previously considered its meaning as used in the act.
In Royal Globe Ins Co v Frankemnuth Mut Ins Co,[3] we stated that the purposes of the act are best served “by the certainty and predictability that a literal construction of the word ‘occupant’ will yield when it is assigned its primary and generally understood meaning.” Id. at 575.
We also discussed the meaning of “occupant” in the act in the case of Rohlman v Hawkeye-Security Ins Co (Rohlman I), 442 Mich 520; 502 NW2d 310 (1993). After first noting that subsection 3106(l)(c) provides benefits for persons injured “while occupying, entering into, or alighting from the vehicle,” we concluded that:
The Legislature expressly recognized that “entering into” and “alighting from” are acts separate from “occupying” a vehicle. . . . Section 3111 does not include “entering into” or “alighting from” the vehicle as acts that would trigger personal protection benefits for an out-of-state accident.
By giving the term occupant its primary and generally understood meaning coupled with the above statutory reference, we conclude that the plaintiff was not an occupant of *255 the van because he was not physically inside the van when the accident occurred. . . . [Id. at 531-532.]
Applying the ordinary definition of “occupant” to this case, it is evident that plaintiff was not an occupant of the insured vehicle for purposes of the no-fault act.
B. OCCUPANCY UNDER THE HASTINGS POLICY
Although plaintiff cannot receive benefits under the act, it does not necessarily follow that he cannot receive benefits under the insurance policy issued by defendant.
The policy states:
A. We do not provide Personal Injury Protection Coverage for “bodily injury”:
* * *
3. Sustained by any “insured” while not occupying an “auto” if the accident takes place outside Michigan.
The policy defines “occupying” as “in, upon, getting in, on, out, or off.” In Nickerson, a case interpreting an automobile-insurance policy, this Court held that a plaintiff was an occupant of an insured vehicle under circumstances similar to those in this case.
The policy in Nickerson defined “occupant” as a person who was “in or upon or entering into or alighting from” an insured vehicle. Nickerson, supra at 328. Applying the rules of contract interpretation to that language, the Nickerson Court held that the policy extended to plaintiffs injuries. It applied a standard definition of “upon” to the policy language. It then concluded that the plaintiff was an occupant of the *256 car under the terms of the policy because he was “on” the insured car at the time of the accident.
In Rohlman II, the Court of Appeals reached a similar result. In that case, the policy language was analogous to that used in the policy at issue in this case. It defined an “occup[ant]” as a person who was “in, upon, getting in, on, out or off” an insured vehicle. Rohlman II, supra at 350.
In interpreting this language, the Court of Appeals held that, in the context of the policy’s definition of “occupant,” the term “upon” was merely a substitute for the term “on.” Accordingly, the Court held that a person who was completely out of or off the vehicle was not an occupant under the policy. However, it also held that, where a person is injured while he is in contact with an insured vehicle, he is “on” the vehicle and an “occupant” of the vehicle for purposes of the insurance contract.
C. APPLICATION
1. DEFENDANT’S ENTITLEMENT TO SUMMARY DISPOSITION
Defendant moved for summary disposition under MCR 2.116(C)(10). A motion under that rule tests the legal sufficiency of a claim. Veenstra v Washtenaw Country Club, 466 Mich 155, 163; 645 NW2d 643 (2002). “In reviewing a motion for summary disposition brought under MCR 2.116(C)(10), a trial court considers affidavits, pleadings,, depositions, admissions, and documentary evidence filed in the action or submitted by the parties . . . .” Quinto v Cross & Peters Co, 451 Mich 358, 362; 547 NW2d 314 (1996). Summary disposition is appropriate if the evidence demonstrates that there is no genuine issue concern *257 ing any material fact and the moving party is entitled to judgment as a matter of law. Haliw v Sterling Hts, 464 Mich 297, 302; 627 NW2d 581 (2001).
When reviewing a motion for summary disposition, courts are required to construe the facts in favor of the nonmoving party, in this case, the plaintiff. Quinto, supra. Moreover, courts may not assess credibility in considering whether to grant the motion. Skinner v Square D Co, 445 Mich 153, 161; 516 NW2d 475 (1994). However, in this case, in reaching its holding, the majority construes the facts in defendant’s favor.
At the hearing on defendant’s motion for summary disposition, plaintiff argued that his injuries occurred while he was pinned between the cars. Defendant argued that plaintiff sustained his injuries before he came into contact with the insured auto. In support of their arguments, both parties relied on statements that plaintiff made in reporting the accident to the police. To determine whether this dispute regarding the mechanism of plaintiff’s injuries presents an issue of material fact, we need only apply the majority’s own interpretation of the policy language.
The majority asserts that the sole reasonable interpretation of “upon” in the context of this contract is that it means simply “on.” Ante at 250 n 2. It then concludes that plaintiff did not suffer his injuries while he was “on” the car.
However, Random House Webster’s College Dictionary (2000 ed) indicates that “on” means: “so as to be or remain supported by or suspended from . ...” A person who is pinned between two automobiles is supported by them. Thus, plaintiff has alleged facts that, if believed by a jury, would support a finding *258 that plaintiff was “on” the insured automobile at the time of the accident.
Given this analysis, I find unconvincing the majority’s bald assertion that substituting the word “on” for “upon” necessitates a finding that the policy excludes coverage for plaintiff’s injuries.[4]
*259 2. THE CONTINUED VIABILITY OF NICKERSON
The majority also holds that Nickerson was wrongly decided because it departed from the language of the insurance policy at issue there. It appears to me inappropriate for the Court to make that decision given the Citizens Mutual policy language.
That language differed significantly from the Hastings language at issue in this case. Thus, I would reserve judgment on the continuing viability of Nickerson until the Court is presented with an issue regarding the interpretation of the policy language in that case.
CONCLUSION
Plaintiff has presented a genuine question of material fact concerning whether he was an occupant of the insured vehicle at the time he was injured.
Viewing the evidence in the light most favorable to the plaintiff, defendant has not established that it is entitled to judgment in its favor as a matter of law. Regardless of the definition advanced by the majority, the evidence adduced at the hearing on defendant’s motion for summary disposition failed in this respect: it did not conclusively establish that plaintiff was not “upon” the vehicle at the time of the accident.
*260 If a jury believed the facts presented by plaintiff, it could conclude that plaintiff was on the car when injured, hence he was an occupant. It follows that summary disposition was improper.
Accordingly, I would remand the case to the circuit court for trial on the merits.
Cavanagh, J., concurred in the conclusion reached by Kelly, J.

 Rohlman v Hawkeye-Security Ins Co (On Remand) (Rohlman II), 207 Mich App 344; 526 NW2d 183 (1994).

 393 Mich 324; 224 NW2d 896 (1975).

 419 Mich 565; 357 NW2d 652 (1984).

 Although I have not joined in the majority’s reliance on Rohlman II, I also have not advanced the definition that the majority would assign to me. Ante at 250 n 2. I follow the majority’s own interpretation of this policy’s language. In doing so, I agree that “upon” refers to “occupying.” However, “upon” is meant to define “occupying,” not the other way around. The Hastings policy provided:
II. PERSONAL INJURY PROTECTION COVERAGE INSURING AGREEMENT
A. We will pay personal injury protection benefits to or for an “insured” who sustains “bodily injury”. The “bodily injury” must:
1. Be caused by accident; and
2. Result from the ownership, maintenance or use of an “auto” as an “auto”
The Hastings policy also states that:
2. “Auto accident” means a loss involving the ownership, operation, maintenance or use of an “auto” as an “auto” ....
An “insured” is
1. You or any “family member” injured in an “auto accident”;
2. Anyone else ipjured in an “auto accident” a While “occupying” “your covered auto”; or
b. If the accident involves any other “auto”:
(1) Which is operated by you or any “family member” and
(2) To which Part A of this policy applies.
c. While not occupying any “auto” if the accident involves “your covered auto”.
Consequently, neither of the plaintiffs in the majority’s hypothetical example would recover because, under the policy, there would not be a sufficient nexus between their injuries and the insured vehicle.
Given the policy’s limitations on liability, the majority’s application of its definition is arbitrary. Under its application, plaintiff would have been able to recover if he had stayed in the vehicle and been iqjured when it was hit by the other car. However, because plaintiff left the car to change *259 the tire, plaintiff cannot recover, even if he sustained injuries while he was on the car. I cannot accept that this was the intent of the parties when agreeing to this policy.
The majority asserts that a person must be “on” a vehicle to be an occupant under the Hastings policy. But it fails to explain why the straightforward application of its own definition is inapplicable in this case.