# STATE OF MICHIGAN

# COURT OF APPEALS

HOME-OWNERS INSURANCE COMPANY,

       Plaintiff/Counter-Defendant-
       Appellee,

v

DANIEL L. RAMP and PEGGY L. RAMP,

       Defendants/Counter-Plaintiffs-
       Appellants.

UNPUBLISHED
September 27, 2016

No. 328979
Eaton Circuit Court
LC No. 14-000625-CK

Before: MURRAY, P.J., and HOEKSTRA and BECKERING, JJ.

PER CURIAM.

Defendants, Daniel L. Ramp ("Daniel") and Peggy L. Ramp ("Peggy"),[1] appeal by leave granted[2] an order denying their motions for summary disposition and granting partial summary disposition to plaintiff, Home-Owners Insurance Company. For the reasons stated herein, we reverse and remand for further proceedings.

## I. FACTS AND PROCEDURAL HISTORY

This appeal arises out of injuries sustained by Daniel when he was driving his golf car.[3] Defendants, residents of Michigan, own a condominium in Florida. In March 2014, after playing a round of golf at a local golf course, when Daniel was driving his golf car in the condominium community where defendants' condominium unit was located, Daniel approached an intersection and a motor vehicle struck the golf car, causing it to tip over. When the golf car tipped over, Daniel's leg was pinned between the pavement and golf car frame, resulting in various injuries.

---

[1] Daniel and Peggy are collectively referred to as "defendants."

[2] *Home-Owners Ins Co v Ramp*, unpublished order of the Court of Appeals, entered December 2, 2015 (Docket No. 328979).

[3] We use the term "golf car" to describe what Daniel was driving at the time of the accident as that is how it appears in the owner's manual given to Daniel at the time of purchase.

As a result of the injuries he sustained in the accident, Daniel attempted to make a claim for no-fault personal protection insurance benefits and underinsured motorist benefits, but plaintiff denied Daniel's claims. Plaintiff subsequently filed the instant action seeking a declaration that defendants were not entitled to personal protection insurance benefits or underinsured motorist coverage. In response, defendants counterclaimed, asserting that they were entitled to personal protection insurance benefits and underinsured motorist coverage. In addition, defendants alleged that they were entitled to medical payments from the accident under a motorized golf cart coverage endorsement.

After discovery was completed, defendants filed two contemporaneous motions for summary disposition. In their first motion, defendants asserted that they were entitled to personal protection insurance benefits, arguing that MCL 500.3111 entitles a person to such benefits for accidental bodily injury suffered in an accident outside the state of Michigan if the person whose injury is the basis of the claim was a named insured under a personal protection insurance policy. Defendants asserted that because Daniel was insured under a personal protection insurance policy, the plain language of MCL 500.3111 provided that he was entitled to personal protection insurance benefits. Defendants also asserted that the personal protection insurance benefits exclusion provisions of MCL 500.3113 were inapplicable to the case at hand.

In their second motion for summary disposition, defendants argued that they were entitled to underinsured motorist benefits because Daniel's insurance policy provided for underinsured motorist benefits and that the exclusion for underinsured motorist coverage was inapplicable. The exclusion at issue provided that Daniel would not be entitled to underinsured motorist benefits if he was injured while occupying a vehicle that was "designed primarily for use on public roads." Defendants contended that no genuine issue of material fact existed regarding whether the golf car was designed primarily for use on public roads.

In response, plaintiff filed its own motion for summary disposition, arguing that defendants were not entitled to personal protection benefits or underinsured motorist benefits as a matter of law. With respect to personal protection benefits, plaintiff argued that MCL 500.3111 did not provide Daniel authority to claim benefits. Plaintiff argued that in order to be entitled to benefits under MCL 500.3111, the injured person is only entitled to benefits if the owned vehicle involved in the accident was insured with a no fault policy. Plaintiff asserted that no genuine issue of material fact existed regarding whether the golf car was insured with a no fault policy. Moreover, plaintiff contended Daniel was excluded from coverage because he was in an accident out of state while occupying a vehicle that did not have no-fault insurance. Specifically, plaintiff contended that Daniel's no-fault policy specifically excluded personal protection insurance benefits for "bodily injury sustained by the named insured while occupying . . . any motor vehicle owned or registered by the named insured and which does not maintain an insurance policy providing benefits under Chapter 31 of the Michigan Insurance Code."

With regard to underinsured motorist benefits, plaintiff asserted that an exclusion in Daniel's policy precluded Daniel's recovery of such benefits. Plaintiff argued that Daniel was not entitled to underinsured motorist coverage because coverage does not apply, pursuant to

Daniel's policy,[4] when a person is injured while occupying an automobile which is owned by such person injured if such automobile is designed primarily for use on public roads. Plaintiff argued that the golf car being driven by Daniel was designed primarily for use on public roads, as it was a motor vehicle pursuant to CFR 571.3(b) and 49 USC 30102(a)(6), and that as such, Daniel was precluded from recovering benefits.

After listening to arguments on the parties' cross-motions, the trial court, ruling from the bench, denied both of defendants' motions for summary disposition and granted partial summary disposition to plaintiff. The trial court held that a genuine issue of material fact existed regarding whether defendants were entitled to underinsured motorists benefits, and denied both parties' motions for summary disposition. As it relates to personal protection insurance benefits, the trial court held that no genuine issue of material fact existed regarding whether defendants were entitled to personal protection insurance benefits. In so holding, the trial court reasoned that defendants cannot establish coverage under MCL 500.3111 as the undisputed facts established that the accident occurred outside the state of Michigan and the golf car did not have personal protection insurance coverage.

II. ANALYSIS

The only issue raised in defendants' application—and on which we granted leave—is whether the trial court erred in granting summary disposition to plaintiff with regard to defendants claim for personal protection insurance benefits pursuant to MCL 500.3111. This Court reviews de novo a trial court's decision on cross-motions for summary disposition. *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). A motion for summary disposition under MCR 2.116(C)(10) tests the factual sufficiency of the complaint. *Joseph v Auto Club Ins Ass'n*, 491 Mich 200, 206; 815 NW2d 412 (2012). When deciding a motion for summary disposition, a court must consider the pleadings, affidavits, depositions, admissions and other documentary evidence submitted in the light most favorable to the nonmoving party. *Id.* "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *Id*.

"The parties' competing motions for summary disposition involved underlying issues of statutory construction, which this Court considers de novo." *Wells Fargo Bank v Country Place Condominium Ass'n*, 304 Mich App 582, 590; 848 NW2d 425 (2014). With regard to statutory construction, this Court has repeatedly set forth the following principles:

> The primary goal of statutory interpretation is to ascertain and give effect to the intent of the Legislature in enacting a provision. . . . The first criterion in determining intent is the specific language of the statute. If the statutory language

---

[4] "Uninsured motorist benefits are not required by statute; therefore, the policy language dictates when uninsured motorist benefits will be awarded." *Gentry v Allstate Ins Co*, 208 Mich App 109, 112; 527 NW2d 39 (1994).

-3-

is clear and unambiguous, judicial construction is neither required nor permitted, and courts must apply the statute as written . . . . Courts should give effect to every word and phrase in a statute. [*Chiropractors Rehabilitation Group, PC v State Farm Mut Auto Ins Co*, 313 Mich App 113, 122-123; 881 NW2d 120 (2015) (citations omitted).]

"It is without dispute that the insured bears the burden of proving coverage, while the insurer must prove that an exclusion to coverage is applicable." *Heniser v Frankenmuth Mut Ins Co*, 449 Mich 155, 161 n 6; 534 NW2d 502 (1995) (quotation marks omitted). To prove coverage, defendants—the insured—rely on MCL 500.3111, which reads as follows:

> Personal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state, if the accident occurs within the United States, its territories and possessions or in Canada, and the person whose injury is the basis of the claim was at the time of the accident a named insured under a personal protection insurance policy, his spouse, a relative of either domiciled in the same household or an occupant of a vehicle involved in the accident whose owner or registrant was insured under a personal protection insurance policy or has provided security approved by the secretary of state under [MCL 500.3111.]

The unambiguous language of MCL 500.3111 provides that "[p]ersonal protection insurance benefits are payable for accidental bodily injury suffered in an accident occurring out of this state . . . and the person whose injury is the basis of the claim was the time of the accident a named insured under a personal protection insurance policy . . . or an occupant of a vehicle involved in the accident whose owner or registrant was insured under a personal protection insurance policy. . . ." "The word 'or' is a disjunctive term indicating a choice between alternatives." *Chiropractors Rehabilitation Group, PC*, 313 Mich App at 124. Accordingly, the plain language of the statute reveals a legislative intent to entitle a person to personal protection insurance benefits when he is at the time of the accident a named insured under a personal protection insurance policy *or* an occupant of a vehicle involved in the accident whose owner or registrant was insured under a personal protection insurance policy.[5]

Here, no genuine issue of material fact existed regarding whether Daniel was entitled to personal protection insurance benefits. The undisputed facts demonstrate that the accident

---

[5] This conclusion is consistent with other opinions issued by our Supreme Court. See *Rednour v Hastings Mut Ins Co*, 468 Mich 241, 244; 661 NW2d 562 (2003) (When a person is "not a named insured or a spouse or relative of a named insured," a person may still be entitled to personal protection insurance benefits if he "qualif[ies] as an 'occupant' of an insured vehicle involved in the accident."); *Rohlman v Hawkeye-Security Ins Co*, 442 Mich 520, 527 n 6; 502 NW2d 310 (1993) (Indicating that because the plaintiff was not the named insured, nor the spouse or a relative of the name insured, "the only way the plaintiff [could have] recover[ed] under § 3111 [was] to establish himself as 'an occupant of a vehicle involved in the accident. . . .' ").

occurred in Florida—outside the state of Michigan—and Daniel, whose injury is the basis of the claim, was at the time of the accident a named insured under a personal protection insurance policy. Thus, no genuine issue of material fact existed regarding whether Daniel was entitled to personal protection insurance benefits under MCL 500.3111.[6]

Reversed and remanded for further proceedings. We do not retain jurisdiction. Defendants, the prevailing party, may tax costs. MCR 7.219(A).

/s/ Christopher M. Murray
/s/ Joel P. Hoekstra
/s/ Jane M. Beckering

---

[6] We decline to address plaintiff's argument that defendants are excluded from coverage under the policy as the only question for which leave to appeal was granted was whether the trial court erred in determining that defendants did not satisfy the requirements to claim out of state benefits under MCL 500.3111. MCR 7.205(E)(4).